# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MONSANTO PCB WATER
CONTAMINATION LITIGATION                                                    MDL No. 2697

## ORDER DENYING TRANSFER

**Before the Panel:**[*] The municipal plaintiffs[1] in the actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California. This litigation consists of six actions—three actions pending in the Northern District of California and one action each in the Southern District of California, the Eastern District of Washington, and the Western District of Washington—as listed on Schedule A.[2] Plaintiff San Diego Unified Port District (the Port District) supports centralization in any district in California. Defendants Monsanto Co., Solutia Inc., and Pharmacia LLC (collectively, Monsanto) oppose centralization. Alternatively, should the Panel centralize this litigation, Monsanto suggests the Southern District of California as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. It is undisputed that these actions share questions of fact arising from allegations that polychlorinated biphenyls (PCBs) manufactured by Monsanto between 1935 and 1977 have contaminated certain marine environments and that plaintiffs have or will incur costs to remediate PCBs from urban runoff, stormwater, sediment, and bodies of water. That, however, is where the commonality among these actions ends. Each action is an individual public nuisance action brought by a different municipal plaintiff alleging contamination of a different body of water: San Diego Bay (the action in the Southern District of California), San Francisco Bay (the three actions in the Northern District of California), the Spokane River (the action in the Eastern District of Washington), and the Duwamish River (the action in the Western District of Washington). The factual questions relating to the alleged contamination of each of these bodies of water undoubtedly will differ—particularly as plaintiffs do not allege that Monsanto directly contaminated these waters, but rather that PCBs manufactured by Monsanto and incorporated into other products thereafter

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] The municipal plaintiffs include the City of San Jose, the City of Oakland, the City of Berkeley, the City of San Diego, the City of Spokane, and the City of Seattle.

[2] The parties also informed the Panel at oral argument of a potential seventh related action, which has been authorized by the City of Portland, but not yet filed.

leached into the environment. Similarly, the facts relating to regulation of these waters and plaintiffs' remediation efforts is likely to differ significantly.

The proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate where only a minimal number of actions are involved. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Here, the three actions in the Northern District of California have been assigned to a single judge and are proceeding in a coordinated fashion. Thus, for purposes of our analysis, there effectively are just four actions here pending in four districts. All of these actions are pending within the Ninth Circuit, reducing any potential for inconsistent, substantive pretrial rulings that could produce an inconsistent outcome on the merits. Additionally, Monsanto ceased manufacture of PCBs nearly four decades ago, and there have been a number of personal injury and other lawsuits brought against Monsanto in the intervening years. The resulting maturity of discovery relating to the manufacture and sale of PCBs, its toxicity, and its alleged propensity to leach into the environment will facilitate informal coordination of the discovery in these actions, as will the fact that all of these actions share common plaintiffs' and defense counsel.[3] Monsanto has stated in its papers and at oral argument that it is committed to cooperating with plaintiffs' counsel to avoid duplicative discovery. Given the limited number of actions and involved counsel, as well as the significant factual differences among the actions, informal coordination between the involved courts and cooperation by the parties appear eminently feasible and preferable to centralization. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Charles R. Breyer        Lewis A. Kaplan
Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry

---

[3] With respect to the plaintiffs, only the Port District (a co-plaintiff in the action pending in the Southern District of California) is represented entirely by separate counsel.

**IN RE: MONSANTO PCB WATER
CONTAMINATION LITIGATION**                                        MDL No. 2697

## SCHEDULE A

    <u>Northern District of California</u>

CITY OF SAN JOSE v. MONSANTO COMPANY, ET AL., C.A. No. 5:15-03178
CITY OF OAKLAND v. MONSANTO COMPANY, ET AL., C.A. No. 5:15-05152
CITY OF BERKELEY v. MONSANTO COMPANY, ET AL., C.A. No. 5:16-00071

    <u>Southern District of California</u>

SAN DIEGO UNIFIED PORT DISTRICT, ET AL., v. MONSANTO COMPANY,
    ET AL., C.A. No. 3:15-00578

    <u>Eastern District of Washington</u>

CITY OF SPOKANE v. MONSANTO COMPANY, ET AL., C.A. No. 2:15-00201

    <u>Western District of Washington</u>

CITY OF SEATTLE v. MONSANTO COMPANY, ET AL., C.A. No. 2:16-00107