FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 21, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF SPOKANE, a municipal corporation, located in the County of Spokane, State of Washington,<br><br>                Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION, and DOES 1 through 100,<br><br>                Defendants. | No.   2:15-CV-0201-SMJ<br><br>**ORDER RE DEFENDANTS' MOTION TO COMPEL** |

## I. INTRODUCTION

Before the Court, without oral argument, is Defendants Monsanto Company's, Solutia Inc.'s, and Pharmacia LLC's (collectively "Monsanto") Motion to Compel, ECF No. 92. Defendant Pharmacia served Spokane with initial sets of Requests for Production (RFPs), Requests for Admission (RFA), and Special Interrogatories in July 2016. ECF No. 93 at 2. Monsanto argues that Spokane has failed to properly respond to a number of these requests and that the parties have been unable to resolve the dispute. Accordingly, Monsanto requests that the Court order Spokane to (1) produce all documents responsive to Pharmacia's RFPs by

ORDER RE DEFENDANTS'
MOTION TO COMPEL**-** 1

February 28, 2017; (2) deem RFA numbers 1 through 3 admitted; and (3) provide complete responses to interrogatories number 1 and 2 and 13 through 16. ECF No. 92 at 2–3. Having reviewed the pleadings and the file in this matter, the Court is fully informed and as detailed below grants in part and denies in part Monsanto's motion.

## II. FACTS

On March 18, 2016, the law firm representing Monsanto, Latham & Watkins LLP, submitted a Washington Public Records Act request (PRR) to Spokane, requesting 22 categories of documents. ECF No. 93 at 2; ECF No. 96 at 2, 13–16. The request included a chart with keywords with which to run searches for responsive documents. ECF No. 96 at 2, 19–17. The City Clerk's office identified over 2,000,000 documents responsive to the PRR and initially estimated it would take approximately ten years to review the documents and respond to the request. ECF No. 93 at 2, 21; ECF No. 93 at 2.

On July 6, 2016, Defendant Pharmacia served Spokane with initial sets of RFPs, RFAs, and Special Interrogatories. ECF No. 93 at 2. The requests included 22 RFPs broadly requesting relevant documents, including documents, communications, and ordinances concerning PCBs in the Spokane River and documents concerning any of the defendants. ECF No. 93 at 25–37; ECF No. 96 at 28–38. There is significant if not complete overlap between documents responsive

to the PRR and RFPs. *See* ECF No. 96 at 13–16, 28–38. RFAs 1 through 3, which are at issue in this motion, ask Spokane to admit: (1) "that YOU have no information that PHARMACIA, SOLUTIA, MONSANTO and/or OLD MONSANTO discharged or released PCBs into the SPOKANE RIVER"; (2) "that YOU have no information that PHARMACIA, SOLUTIA, MONSANTO, and/or OLD MONSANTO instructed YOU or any THIRD PARTY to discharge or release PCBs into the SPOKANE RIVER"; and (3) "that YOU have no information that OLD MONSANTO ever manufactured or produced PCBs in the State of Washington." ECF No. 96 at 48. Interrogatories 1 and 2 and 13 through 16 are at issue here. Interrogatories 1 and 2 request that Spokane (1) "IDENTIFY the date when YOU first became aware of the environmental risks associated with PCBs as described in YOUR COMPLAINT"; and (2) "IDENTIFY the date when YOU first became aware of the presence of PCBs in the SPOKANE RIVER as described in YOUR COMPLAINT." ECF No. 93 at 52–54. Interrogatories 13 through 16 ask Spokane to disclose costs it has incurred that may be relevant to its damages. ECF No. 93 at 65–69.

Spokane served its responses and objections to Pharmacia's initial discovery requests on August 5 and 19, 2016. ECF No. 93 at 2, 23–37. In response to the RFPs, Spokane made a number of objections, but agreed to provide non-privileged, responsive documents. ECF No. 93 at 23–37. In response to the RFAs at issue here,

ORDER RE DEFENDANTS'
MOTION TO COMPEL- 3

Spokane indicated that it could neither admit nor deny the statements, but acknowledged that it was unaware of any responsive information. ECF No. 93 at 42–45. In response to interrogatories 1 and 2, Spokane responded that it was unable to identify a certain date when it became aware of environmental risks associated with PCBs or the presence of PCBs in the Spokane River. ECF No. 93 at 52–54. In response to interrogatories 13 through 16, Spokane described examples of categories of responsive costs and indicated that it would search for and produce responsive documents, but it did not provide specific details of incurred or expected costs. ECF No. 93 at 66–68.

On September 28, 2016, Monsanto's counsel sent a letter to Spokane's counsel addressing Spokane's objections and responses. ECF No. 93 at 3, 75–97. The parties met and conferred telephonically on the subject four times in October and November 2016. ECF No. 93 at 3. In mid-November 2016, the parties exchanged several more letters on the subject of Spokane's responses to discovery requests (and discovery issues concerning municipalities involved in related litigation). ECF No. 93 at 3, 99–135.

Because of the significant overlap between the documents responsive to the PRR and the documents responsive to the RFPs, Spokane's counsel determined that rather than producing responsive documents twice, she "would ensure that additional documents to be produced in response to the RFPs (if any) would be put

in line for production as part of the PRR process." ECF No. 96 at 3. Spokane has made disclosures responsive to the PRR at 60 day intervals beginning in July 2016, ECF No. 93 at 137–146; ECF No. 96 at 51. As of late January 2017, Spokane had produced over 767,000 pages of responsive documents. ECF No. 96 at 4–5. Spokane has prioritized searches for certain keywords with the intent of producing documents most likely to be relevant first. ECF No. 96 at 4. Spokane has not asked for an extension to respond to any of Monsanto's discovery requests and represents that it will complete disclosures within the time required by the Court's scheduling order and in compliance with the Rules of Civil Procedure. ECF No. 96 at 3, 9.

### III. LEGAL STANDARD

A party may move to compel disclosure or discovery after certifying "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). On a motion to compel disclosure or discovery, the party opposing discovery bears the burden of resisting disclosure. *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012). "A district court has wide discretion in controlling discovery." *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988)).

## IV. DISCUSSION

**A.  Spokane's responses to RFPs**

Monsanto asks the Court to order Spokane to produce all responsive, non-privileged documents to Pharmacia's RFPs. ECF No. 92 at 9. Spokane argues that it has not intentionally delayed production of any documents requested by Monsanto, and that it intends to complete production of the documents within the discovery timeframe set by the Court. ECF No. 95 at 10; ECF No. 96 at 3, 9.

The Court finds that Spokane appears to be working diligently to produce the responsive documents in its possession and that Spokane has already produced a very substantial number of responsive documents. There is no indication of intentional or unwarranted delay or that Spokane is withholding documents—Spokane has made clear that it will ensure that all non-privileged documents responsive to the RFPs will be produced. However, given the complicated factual nature of this case, and the volume of documents at issue, production of the documents responsive to Pharmacia's RFPs must be completed well in advance of the August 11, 2017 discovery cutoff in order for trial in this matter to proceed as scheduled. Accordingly, the Court orders Spokane to complete production of responsive documents by Friday, May 12, 2017.

### 1. The Court will not interfere at this time in the parties negotiations concerning methods for further expediting production of documents.

Spokane has offered to permit Monsanto to expedite review of certain boxes that are likely to contain relevant documents if Monsanto will agree to withdraw its PRR with respect to those documents so that the parties can enter a clawback agreement. ECF No. 95 at 8–9; ECF No. 96 at 6–7. Monsanto has rejected these offers and argues that Spokane has not explained why it cannot review and produce responsive documents without a clawback agreement. ECF No. 92 at 6. Monsanto further argues that Spokane cannot ask it to withdraw its PRR in order to permit production of responsive documents, ECF No. 92 at 6–7, and correctly points out that parties public records rights are not diminished by engaging in litigation, *see Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, n. 23 (1978). But Spokane is clearly not asking Monsanto to sacrifice its public records rights in order to permit production of these documents; Spokane is merely asking Monsanto to withdraw its PRR with respect to particular documents if it would like to review those documents *more expeditiously*. Nevertheless because Spokane represents that the documents will be reviewed and produced within the required timeframe, ECF No. 96 at 9, there is no need for the Court to interfere with respect to Spokane's proposal for expediting review of these documents.

ORDER RE DEFENDANTS'
MOTION TO COMPEL- 7

**2. Monsanto has not demonstrated that Spokane is intentionally producing non-responsive documents.**

Monsanto argues that many of the produced documents are not responsive to the RFPs. ECF No. 92 at 8. While the documents cited by Monsanto appear to be irrelevant to this litigation, *See* ECF No. 93 at 147–155; ECF No. 96 at 59–61, they are responsive to the PRR and RFPs because they are portions of or attachments to communications containing the word "Monsanto." ECF No. 96 at 8–9.

**B.    Requests for Admission**

Monsanto identifies three requests for admission that it argues Spokane has not properly answered:

> **REQUEST FOR ADMISSION NO. 1:**
> Admit that YOU have no information that PHARMACIA, SOLUTIA, MONSANTO and/or OLD MONSANTO discharged or released PCBs into the SPOKANE RIVER.
>
> **REQUEST FOR ADMISSION NO. 2:**
> Admit that YOU have no information that PHARMACIA, SOLUTIA, MONSANTO, and/or OLD MONSANTO instructed YOU or any THIRD PARTY to discharge or release PCBs into the SPOKANE RIVER.
>
> **REQUEST FOR ADMISSION NO. 3:**
> Admit that YOU have no information that OLD MONSANTO ever manufactured or produced PCBs in the State of Washington.

ECF No. 92 at 10–11; ECF No. 93 at 42–45. Spokane responded that it could neither admit nor deny the truth of the averment in each of the requests. However, Spokane also acknowledged that it was not aware of any responsive information. ECF No.

ORDER RE DEFENDANTS'
MOTION TO COMPEL- 8

93 at 42–45. Specifically, in response to RFA number 1, Spokane stated "[a]t this point, Plaintiff is unaware of any facility owned or operated by Monsanto whereby Monsanto may have discharged or released PCBs directly into the Spokane River." ECF No. 93 at 43. In response to RFA number 2, Spokane stated "[a]t this point, Plaintiff is unaware of any direct instruction by Monsanto to Plaintiff or any third party to discharge or release PCBs directly into the Spokane River." ECF No. 93 at 44. In response to RFA number 3, Spokane stated "[a]t this point, Plaintiff is unaware of any manufacturing or production facility OLD MONSANTO had in the State of Washington." ECF No. 93 at 45. Monsanto argues that Spokane has failed to comply with Rule 36, and that the Court should deem each of the RFPs admitted. ECF No. 92 at 14–15.

If a party neither admits nor denies a matter it must "state in detail why [it] cannot truthfully admit or deny." Fed. R. Civ. P. 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* "[A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable [it] to admit or deny the matter." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d

1242, 1247 (9th Cir. 1981). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). However, ordering an answer admitted is a "severe sanction" and a "district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed." *Asea*, 669 F.2d at 1247.

Here, Spokane has complied with its obligations under Rule 36. Spokane states that it cannot admit or deny the assertions, and explains why, but *acknowledges that it has no responsive information*. Monsanto can interpret this as tacit admission of the RFAs if it wishes. But there is no need for the Court to impose the severe sanction of ordering these matters admitted, and there would be little purpose served by directing Spokane to file an amended answer, as Spokane has made quite clear that it has no information that Monsanto discharged or instructed a third party to discharge PCBs into the River or had manufacturing facilities in Washington. ECF No. 93 at 43–45.

**C.    Special Interrogatories**.

Monsanto argues that Spokane's answers to Interrogatories 1 and 2 and 13 through 16 are inadequate, and that Spokane must be compelled to provide adequate responses. ECF No. 92 at 15.

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). An interrogatory answer must be responsive to the question and "should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." *Aspen Grove Owners Ass'n v. Park Promenade Apartments, LLC*, 2010 WL 3788038, *6 (W.D. Wash. Sept. 17, 2010) (quoting *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000)). "A party has an obligation to conduct a reasonable inquiry into the factual basis of its discovery responses." *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009).

**1. Special Interrogatories 1 and 2.**

Interrogatory No. 1 states: "IDENTIFY the date when YOU first became aware of the environmental risks associated with PCBs as described in YOUR COMPLAINT." ECF No. 93 at 51. After objecting on the basis of vagueness and that the interrogatory called for a legal conclusion, and asserting that Monsanto withheld information concerning the risks of PCBs from the public and consumers, Spokane gave the following response:

> [I]t is impossible to identify a time certain by which Plaintiff became aware of "the environmental risks associated with PCBs" because

ORDER RE DEFENDANTS'
MOTION TO COMPEL- 11

> there are numerous risks associated with PCBs and the process of learning about the harm caused by PCBs is done on a continuing basis. Simply being aware of the presence of PCBs, for example, does not necessarily equate to being aware of the full implications of the harm caused to human health and the environment. Moreover, the ability to detect PCBs in the environment is continually evolving. To complicate matters, Plaintiff has had more than 2000 employees over time, each having potentially learned about various "risks" associated with PCBs at different times. It would be burdensome to attempt to determine each of these employees' knowledge. Moreover, one employee learning something at a given time does not equate to the Plaintiff having institutional knowledge of this information. Subject to and without waiving the foregoing objections, information on what may have been learned by which of Plaintiff's employees over time may be within the documents Plaintiff has agreed to produce.

ECF No. 93 at 23.

Interrogatory number 2 states: "IDENTIFY the date when YOU first became aware of the presence of PCBs in the SPOKANE RIVER as described in YOUR COMPLAINT." ECF No. 93 at 53. Spokane objected for the same reasons it objected to interrogatory number 1, and then offered the following response:

> [I]t is impossible to identify a time certain by which "Plaintiff" became aware of "the presence of PCBs in the SPOKANE RIVER." Plaintiff has had more than 2000 employees over time, each having potentially learned about PCBs' presence "in the SPOKANE RIVER" at different times. It would be burdensome to attempt to determine each of these employees' knowledge.
>
> Moreover, the ability to detect PCBs in the environment is continually evolving. Finally, one employee learning something at a given time does not equate to the Plaintiff having institutional knowledge of this information. Subject to and without waiving the foregoing objections, information on what may have been learned by which of Plaintiff's

ORDER RE DEFENDANTS'
MOTION TO COMPEL- 12

employees over time may be within the documents Plaintiff has agreed to produce.

ECF No. 93 at 53–54.

Monsanto argues that these responses are inadequate. ECF No. 92 at 18–20. Monsanto argues that the interrogatories are not vague, and that the interrogatories do not ask Spokane to identify when any of its *employees* first became aware of the risks and presence of PCBs in the Spokane River, only when *Spokane* became aware of the risks and presence of PCBs in the Spokane River. ECF No. 92 at 18–19.

Spokane's answer to interrogatory number 1 is sufficient. The phrase "environmental risks" is broad and ambiguous, and Spokane adequately explains that it cannot identify a date certain that it was aware of such generalized and undefined risks "because there are numerous risks associated with PCBs and the process of learning about the harm caused by PCBs is done on a continuing basis." ECF No. 93 at 53.

Spokane has not demonstrated, however, that it has made a good faith effort to answer interrogatory number 2. Spokane cannot avoid its duty to investigate and completely respond to interrogatories simply because it is an entity with many employees. It is obligated to engage in a reasonable investigation of the records within its control and to attempt to determine when it, as an entity, learned of the presence of PCBs in the Spokane River.

ORDER RE DEFENDANTS'
MOTION TO COMPEL- 13

*See Nat'l Acad. of Recording Arts & Scis., Inc.*, 256 F.R.D. at 680. An investigation need not necessarily lead to a definitive answer concerning when Spokane became aware of PCBs in the River, but Spokane must make a good-faith effort to investigate and provide a responsive answer. Accordingly, Spokane shall file an amended answer to interrogatory number 2 on or before March 21, 2017.

### 2. Interrogatories 13 through 16

Interrogatories 13 through 16 ask Spokane to disclose costs it has incurred that may be relevant to its damages. ECF No. 93 at 65–69. Spokane described examples of categories of responsive costs and indicated that it would search for and produce responsive documents, but it did not provide specific details of incurred or expected costs. ECF No. 93 at 66–68.

Monsanto argues that Spokane failed to properly answer these interrogatories, greatly impairing Monsanto's ability to have its experts review damages and otherwise prepare for trial. ECF No. 92 at 25. Specifically, Monsanto argues that Spokane's responses fail to identify any actual costs Spokane has incurred, noting that Spokane has not identified "one single dollar in costs." ECF No. 92 at 27–29; ECF No. 9.

Spokane argues that its response did exactly what was asked— "identifying and describing in detail all the costs expended by the City

addressing PCBs." ECF No. 95 at 16. However, Spokane does not dispute that Monsanto is entitled to additional information. ECF No. 95 at 17. Instead, Spokane argues that calculation of claimed damages will require Spokane to conduct extensive analysis, including consultation with experts and interviews with numerous current and former City employees, and that it intends to timely supplement its response with estimated damage calculations. ECF No. 95 at 17–18; ECF No. 96 at 9–10.

Spokane must provide complete responses to these interrogatories, including numerical summaries or calculations of relevant costs incurred or expected to be incurred, as appropriate. In doing so Spokane may not reference produced documents without expressly citing the nature and location of responsive information in those documents. Spokane shall file complete amended responses to interrogatories 13 through 16 on or before Friday, May 12, 2017.

## CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion to Compel, **ECF No. 92**, is **GRANTED IN PART AND DENIED IN PART.**

**2.** Plaintiff shall complete production of documents responsive to Defendant Pharmacia's Requests for Production on or before **Friday, May 12, 2017**.

**3.** Plaintiff shall file an amended answer to Defendant Pharmacia's Special Interrogatory No. 2 on or before **March 21, 2017**.

**4.** Plaintiff shall file complete amended responses to Defendant Pharmacia's Special Interrogatories 13 through 16 on or before **Friday, May 12, 2017**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 21st day of February 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER RE DEFENDANTS'
MOTION TO COMPEL- 16