FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF SPOKANE, a municipal corporation located in the County of Spokane, State of Washington,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY; SOLUTIA INC.; PHARMACIA CORPORATION, also known as Pharmacia LLC; and DOES 1 through 100,<br><br>Defendants. | No.   2:15-cv-00201-SMJ<br><br>**ORDER RULING ON DISCOVERY MOTIONS** |

Before the Court, without oral argument, is Plaintiff the City of Spokane's Motion to Compel Responses to Plaintiff's Discovery Requests, ECF No. 271, and Defendant Pharmacia LLC's Motion for Protective Order Quashing Plaintiff's Fourth Amended Notice of Deposition Pursuant to F.R.C.P. 30(b)(6) of Defendants, ECF No. 281. The parties oppose each other's discovery motions. ECF Nos. 283, 292. Plaintiff also moves for sanctions against Defendants. ECF No. 292 at 18–19. Having reviewed the file and relevant legal authorities, the Court is fully informed and grants in part and denies in part the discovery motions, and denies the motion for sanctions.

ORDER RULING ON DISCOVERY MOTIONS **-** 1

# BACKGROUND

This case involves the Spokane River's contamination by polychlorinated biphenyls ("PCBs"). *See* ECF No. 1. Plaintiff filed this action on July 31, 2015. *Id.* On April 7, 2016, the U.S. Judicial Panel on Multidistrict Litigation denied Plaintiff's motion to transfer this case for centralized proceedings. ECF No. 50. The parties exchanged initial disclosures on June 10, 2016. ECF No. 58 at 2. On October 26, 2016, the Court granted in part and denied in part Defendants' motion to dismiss the complaint. ECF No. 74. On February 14, 2017, the Court granted Plaintiff's motion to dismiss counterclaims. ECF No. 100. On July 10, 2017, the Court granted Plaintiff's motion to dismiss amended counterclaims. ECF No. 167.

The Court has repeatedly observed this case is complex and voluminous. ECF Nos. 104, 112, 166, 172, 185, 206, 230, 244, 257, 267. The Court authorized additional discovery on July 11, 2017, July 19, 2017, May 14, 2018, and May 14, 2019. ECF Nos. 172, 185, 230, 267. And the Court resolved discovery disputes on February 21, 2017, May 21, 2017, August 18, 2017, and June 21, 2018. ECF Nos. 104, 158, 199, 241.

The parties now dispute a broad array of Plaintiff's requests for production, interrogatories, and designated topics for examination at the deposition of Defendants' Federal Rule of Civil Procedure 30(b)(6) witness. The Court has determined oral argument is unnecessary to resolve these disputes. ECF No. 298.

## LEGAL STANDARD

The scope of discovery generally encompasses

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

On a motion to compel discovery, "[t]he party opposing discovery bears the burden of resisting disclosure." *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012). The Court has "wide discretion in controlling discovery." *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

For good cause, the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "A party asserting good cause bears the burden . . . of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy th[is] test." *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

**DISCUSSION**

**A.  Relevance generally**

Defendants repeatedly argue that Plaintiff's discovery requests seek irrelevant information. ECF Nos. 281, 283, 296. But Defendants' concept of relevance is too narrow. "Relevance, for discovery purposes, encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Equal Emp't Opportunity Comm'n v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 641 (E.D. Wash. 2011) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Having reviewed each of Defendants' relevance objections, the Court hereby overrules them.

**B.  Plaintiff's motion to compel discovery**

**1.  Documents outside the PCB archive**

Plaintiff argues Defendants refuse to produce documents outside their PCB archive. ECF No. 271 at 7–11. Defendants argue they have produced or will produce such documents, to the extent they exist and are relevant and responsive to Plaintiff's discovery requests. ECF No. 283 at 11–12. Defendants emphasize they have already provided many thousands of documents. *Id.* Yet, Defendants acknowledge they have withheld some documents. *Id.*

Defendants have not met their burden of resisting discovery. Accordingly, the Court grants Plaintiff's motion to compel production of documents outside the PCB

archive. Within thirty days of this Order, Defendants shall produce all documents responsive to requests for production 2, 3, 4, 5, 8, 10, 12, 13, 23, 26, 28, and 30 in Plaintiff's first set, and requests for production 6, 11, 12, and 19 in Plaintiff's fourth set, along with a privilege log documenting any claim of privilege.

### 2. Documents regarding IBT fraud

Plaintiff argues Defendants refuse to produce documents regarding fraud at the Industrial Bio-Test Labs of Northbrook, Illinois ("IBT"). ECF No. 271 at 11–15. Defendants argue they have provided or agreed to provide such documents as they pertain to PCB testing but the remainder of such documents, which concern IBT fraud in other areas, are irrelevant. ECF No. 283 at 12–15.

Considering the trial testimony in *Brown v. Monsanto Co.*, No. 862-00694 (21st Cir. Ct. Mo. Oct. 28, 1991), ECF No. 272 at 11–12; ECF No. 272-1 at 153–69; ECF No. 284 at 8, it appears Plaintiff's discovery requests reasonably could lead to matters bearing on a potential issue in this case—whether IBT fraud in other areas infiltrated PCB testing. Therefore, the documents Plaintiff seeks are relevant for discovery purposes. Defendants have not met their burden of resisting discovery. Accordingly, the Court grants Plaintiff's motion to compel production of documents regarding IBT fraud. Within thirty days of this Order, Defendants shall produce all documents responsive to requests for production 16 and 18 in Plaintiff's first set, along with a privilege log documenting any claim of privilege.

### 3. Communications with Bayer

Plaintiff argues Defendants refuse to produce communications between them and Bayer AG regarding PCBs. ECF No. 271 at 15–16. Defendants argue such communications are privileged, irrelevant, and disproportionate to the needs of this case.[1] ECF No. 283 at 15–18. The Court partly agrees with Defendants.

Citing federal law, Defendants argue the common interest doctrine shields from discovery all of their communications with Bayer during and after its 2018 merger with the new Monsanto Company. *Id.* "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Where, as here, the Court exercises subject matter jurisdiction based on diversity of citizenship, and state law provides the rule of decision on various claims and defenses, state law also governs privilege. *See id.*

In Washington state, "the 'common interest' doctrine is merely a common law exception to waiver of privilege that applies when parties share a common interest in litigation." *Sanders v. State*, 240 P.3d 120, 133–34 (Wash. 2010). "The 'common interest' doctrine provides that when multiple parties share confidential communications pertaining to their common claim or defense, the communications remain privileged as to those outside their group." *Id.* at 134. "[T]he 'common

---

[1] The Court is not persuaded by Defendants' unsubstantiated contentions regarding relevance and proportionality. Therefore, the Court focuses solely on Defendants' claim of privilege.

ORDER RULING ON DISCOVERY MOTIONS - 6

interest' doctrine is not an expansion of the [underlying] privilege at all; it is merely an exception to waiver."[2] *Id.* "[D]ocuments that fall under the common interest doctrine are not discoverable in civil cases . . . ." *Id.*

In their briefing, Defendants do not identify the underlying privilege they believe the common interest doctrine saved from waiver. But from the context as a whole, it is apparent Defendants intend to rely on the attorney-client privilege. *See* ECF Nos. 281, 283, 296. That privilege "prohibits disclosure of communication between an attorney and a client given in the course of professional employment." *Seattle Nw. Sec. Corp. v. SDG Holding Co.*, 812 P.2d 488, 495 (Wash. Ct. App. 1991) (citing Wash. Rev. Code § 5.60.060(2)(a)). The privilege extends to written as well as oral communications between an attorney and a client. *Id.* However, "The attorney-client privilege only applies to communications that are intended by the party to be confidential. Therefore, if the communication is intended to be disclosed to others, it is not protected by the attorney-client privilege." *Id.* at 498.

Defendants declare that, during the 2018 merger, "Monsanto and Bayer both signed a confidentiality agreement . . . to protect their communications, and any alleged communications were lawyer-driven and restricted to a small number of people." ECF No. 284 at 8. Considering that Bayer was once a major PCB

---

[2] Federal law is in accord. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007).

ORDER RULING ON DISCOVERY MOTIONS **-** 7

manufacturer, ECF No. 272 at 13, and now owns Monsanto, ECF No. 283 at 5 n.1, 16 n.6, the common interest doctrine plainly applies from the 2018 merger onward. Thus, during and after the 2018 merger, any attorney-client communications that Defendants and Bayer shared with or disclosed to each other remain privileged. However, any other communications between Defendants and Bayer—specifically, any communications made before the 2018 merger or those made, at any time, outside of an attorney-client relationship—are not privileged. It is unclear whether Defendants had this distinction in mind when they declared "[n]o non-privileged responsive documents were identified." ECF No. 284 at 8.

Therefore, the Court grants in part and denies in part Plaintiff's motion to compel production of communications between Defendants and Bayer regarding PCBs. Within thirty days of this Order, Defendants shall produce all non-privileged documents, if any, responsive to requests for production 26 and 27 in Plaintiff's fourth set, along with a privilege log documenting any claim of privilege.

### 4. Information about people hired or retained to be involved in the creation or publication of PCB-related papers, articles, or studies

Plaintiff argues Defendants did not provide all requested information about any people hired or retained to be involved in the creation or publication of PCB-related papers, articles, or studies. ECF No. 271 at 17–18. Defendants argue they fully responded to Plaintiff's discovery requests regarding so-called "ghostwriters." ECF No. 283 at 18–20. The Court disagrees with Defendants.

Defendants' responses were somewhat evasive and misleading in that they focused excessively on one potential class of people—unnamed authors—rather than simply identifying and describing any people hired or retained to be involved in the creation or publication of PCB-related papers, articles, or studies. *See* ECF No. 284-5 at 5–7; ECF No. 284-6 at 1; ECF No. 284-7 at 1. While Defendants ultimately identified thirty-eight people, they provided an incomplete and confusing description of those peoples' roles, ECF No. 284-5 at 7, and did not "identify the dates of employment, describe the work for which th[ose people] were hired, describe the compensation provided, and identify all relevant documents including retention agreements," *id.* at 5.

Defendants have not met their burden of resisting discovery. Accordingly, the Court grants Plaintiff's motion to compel disclosure of the above-described information. Within thirty days of this Order, Defendants shall fully respond to interrogatory 20 in Plaintiff's third set.

**5. Information about confidential alternative dispute resolutions in other lawsuits**

Plaintiff argues Defendants refuse to disclose other, purportedly confidential lawsuits. ECF No. 271 at 18–20. Defendants argue the other lawsuits, filed in Missouri and California, were ultimately resolved by mediation and all information relating to such mediation is absolutely non-discoverable under Missouri and California law. ECF No. 283 at 20–24. Plaintiff does not reply to this argument.

ORDER RULING ON DISCOVERY MOTIONS **-** 9

ECF No. 288 at 2–4. The Court agrees with Defendants. Accordingly, the Court denies Plaintiff's motion to compel disclosure of the above-described information.

**C.     Pharmacia's motion for a protective order**

   **1.     Temporal restriction**

Pharmacia argues topics 1, 2, 3, 5, 6, 7, 12, 16, 18, 19, 20, 22, and 24 in Spokane's fourth amended Rule 30(b)(6) deposition notice lack relevance and are overly broad and disproportionate to the needs of this case because they do not place a temporal restriction on the testimony sought. *See* ECF No. 281 at 12–16. Because the old Monsanto Company ceased manufacturing and selling PCBs in 1977, and the federal government began regulating PCBs in 1978, Pharmacia asks the Court to preclude discovery on subjects after 1980. *See id.* The Court declines to do so.

Contrary to Pharmacia's assertion, the complaint is not limited to 1980 and before. The complaint, filed on July 31, 2015, alleges Defendants have created a continuing public nuisance; have continually failed to provide proper warnings or instructions; and have caused, and continue to cause, injury and damages. ECF No. 1 at 27–34. In ruling on Defendants' motion to dismiss the complaint, the Court noted that "[w]hether PCB contamination in the Spokane River is reasonably abatable [so as to establish possible liability under a continuing-tort theory] presents a factual question that cannot be resolved at this stage of the litigation." ECF No. 74 at 9.

Allowing discovery on subjects after 1980 reasonably could lead to matters bearing on real issues in this case—whether Defendants are liable for present-day public nuisance, failure to warn or instruct, and injury and damages; and whether the continuing-tort doctrine applies. Therefore, the discovery Spokane seeks is relevant for discovery purposes, not overly broad, and proportional to the needs of this case. Pharmacia has not met its burden of showing specific prejudice or harm will result without a temporal restriction on discovery. Accordingly, the Court denies Pharmacia's motion to impose a temporal restriction on discovery.

### 2. Topic 20

Considering the analysis in sections B.3 and C.1 above, the Court grants in part and denies in part Pharmacia's motion to limit topic 20. *See* ECF No. 281 at 17–20. Topic 20 in Spokane's fourth amended Rule 30(b)(6) deposition notice is amended to read, "20. Non-privileged communications, if any, between Defendants and Bayer in regards to PCBs and PCB litigation." *See* ECF No. 282-3 at 15.

### 3. Topic 30

Considering the analysis in section B.5 above, the Court agrees with Pharmacia that topic 30 seeks non-discoverable information. *See* ECF No. 281 at 21–24. Spokane is incorrect regarding the scope and waiver of the mediation privilege under Missouri and California law. *See* ECF No. 292 at 14–15. Accordingly, the Court grants Pharmacia's motion to quash topic 30. Topic 30 in

Spokane's fourth amended Rule 30(b)(6) deposition notice is stricken.

**4.      Topic 25**

Considering the analysis in section B.2 above, the Court denies Pharmacia's motion to quash topic 25. *See* ECF No. 281 at 24–27. However, in light of Spokane's agreement to reword topics 26 and 27, the Court employs its proposed language. *See* ECF No. 292 at 16. Topics 26 and 27 in Spokane's fourth amended Rule 30(b)(6) deposition notice are amended to read, "26. What Defendants did, if anything, subsequent to learning of the allegations of IBT fraud to ensure the PCBs studies were valid. 27. Defendants' knowledge of allegations of falsifying data committed by IBT with respect to the PCB studies." *Id.*

**5.      Topic 32**

The Court agrees with Pharmacia that, as written, topic 32 seeks attorney work product to the extent it could reveal defense counsel's impressions, conclusions, or opinions about each topic via his or her selection of documents most relevant to each topic. *See* ECF No. 281 at 27–30. Spokane's proposed language is insufficient to protect against this concern. *See* ECF No. 292 at 17. Pharmacia's proposed language is fitting. *See* ECF No. 281 at 27. Therefore, the Court grants Pharmacia's motion to limit topic 32. Topic 32 in Spokane's fourth amended Rule 30(b)(6) deposition notice is amended to read, "32. How the witness prepared for the deposition and specifically what documents the witness relies on to support his

testimony. Presenting a witness on this topic does not waive any privilege or work product objection. Pharmacia reserves its right during the deposition to object to and instruct the witness not to answer any questions that call for the disclosure of information or documents protected by the attorney-client privilege and the attorney work product doctrine." *Id.*

### 6. Topic 24

The Court agrees with Pharmacia that, as written, topic 24 is overly broad to the extent it could be construed as seeking information unrelated to PCBs. *See* ECF No. 281 at 30–31. But Pharmacia proposes no language to effectuate the limitation it envisions. Spokane's proposed language is fitting. *See* ECF No. 292 at 18. Therefore, the Court grants in part and denies in part Pharmacia's motion to quash topic 24. Topic 24 in Spokane's fourth amended Rule 30(b)(6) deposition notice is amended to read, "24. Defendants' product stewardship policies and statements that would apply to Monsanto's PCBs and PCB products." *Id.*

**D. Spokane's motion for sanctions**

While the Court overrules many of Pharmacia's objections, it declines to impose sanctions. Pharmacia appears to have made its objections in good faith to protect itself from what it perceived as undue burden. The Court declines to penalize Pharmacia for the reasonable actions it took in its own defense. Therefore, the Court denies Spokane's motion for sanctions. *See* ECF No. 292 at 18–19.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Compel Responses to Plaintiff's Discovery Requests, **ECF No. 271**, is **GRANTED IN PART** and **DENIED IN PART**, as outlined above.

2. Defendant Pharmacia's Motion for Protective Order Quashing Plaintiff's Fourth Amended Notice of Deposition Pursuant to F.R.C.P. 30(b)(6) of Defendants, **ECF No. 281**, is **GRANTED IN PART** and **DENIED IN PART**, as outlined above.

3. Plaintiff's Motion for Sanctions, **ECF No. 292 at 18–19**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of July 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge