**OFFICE OF THE CITY ATTORNEY**
Elizabeth L. Schoedel (WSBA #20240)
Salvatore J. Faggiano (WSBA #15696)
Assistant City Attorneys
808 W. Spokane Falls Blvd.
Spokane, Washington 99201
Telephone: (509) 625-6225

**BARON & BUDD, P.C.**
Scott Summy, TX Bar No. 19507500 (*Pro Hac Vice*)
Carla Burke, TX Bar No. 24012490 (*Pro Hac Vice*)
Celeste Evangelisti, CA Bar No. 225232 (*Pro Hac Vice*)
Brett Land, TX Bar No. 24092664 (*Pro Hac Vice*)
Cary McDougal, TX Bar No. 13569600 (*Pro Hac Vice*)
Alicia Butler, TX Bar No. 00797823 (*Pro Hac Vice*)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605

John P. Fiske, CA Bar No. 249256 (*Pro Hac Vice*)
Jason J. Julius, CA Bar No. 249036 (*Pro Hac Vice*)
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Telephone: (858) 225-7200
[Additional Counsel Listed on Signature Page]

*Attorneys for Plaintiff City of Spokane*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF SPOKANE, a municipal corporation located in the County of Spokane, State of Washington,<br><br>　　　Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, et al.<br><br>　　　Defendants. | Case No.:  2:15-cv-00201-SMJ<br><br>**PLAINTIFF CITY OF SPOKANE WITNESS LIST** |

Plaintiff, City of Spokane, by and through its undersigned counsel, hereby serve this witness list pursuant to the Court's August 6, 2019, Scheduling Order (ECF 307).

Plaintiff reserves the right to call witnesses not listed below as necessary to lay a sufficient foundation for the authentication and admission of documentary evidence at trial, to the extent the parties are unable to reach agreement. Depositions in this case are ongoing, and Plaintiff reserves the right to amend its summary of anticipated testimony based on such testimony.

Plaintiff hereby identifies and incorporates the descriptions regarding the individuals identified as Fact or Expert Witnesses in Defendants' witness list. Plaintiff reserves the right to supplement this list to include witnesses to rebut the testimony of any witnesses Defendants subsequently disclose.

## I. __Michael Coster__

Mr. Coster is the Plant Manager of the City of Spokane's Riverside Park Water Reclamation Facility. Mr. Coster lives in the Spokane, Washington area. Mr. Coster may be called as a fact witness and as a non-retained expert. Mr. Coster has no known time conflicts during the first two weeks of April 2020.

Mr. Coster may testify regarding the following subjects: operation, maintenance, repairs, and capabilities of Spokane's Riverside Park Water Reclamation Facility ("RPWRF"), including expectations regarding operation of the Next Level Treatment ("NLT") system; the City's records at RPWRF;

the City of Spokane's decision and expectation to operate the NLT system during the non-critical season;  monitoring, testing, and inspections at RPWRF; policies, requirements, and enforcements relating to RPWRF discharge; and the City's practices for handing biosolids,; including relevant permits and permitting requirements.  Mr. Coster may also testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## II. <u>Marcia Davis</u>

Ms. Davis is the Principal Engineer in the City of Spokane's Integrated Capital Management Department.  Ms. Davis lives in the Spokane, Washington area. Ms. Davis may be called as a fact witness and a non-retained expert.  Ms. Davis has no known time conflicts during the first two weeks of April 2020.

Ms. Davis may testify regarding the following subjects: operations and maintenance of the City of Spokane's conveyance system; capital design, planning, operation, and execution of projects relating to the City's conveyance system; policy, permitting requirements, and permitting enforcement relating to discharge from the conveyance system; expenses relating to and funding of capital improvement projects relating to the City's conveyance system, including expenses for projects that address PCBs; the City's actions to study, investigate, and address PCBs, including the City's investigation to determine

whether mushrooms can break down PCBs; and the City's approach and decisions relating to capital improvement projects relating to the conveyance system. Ms. Davis may also testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## III. Lars Hendron

Mr. Hendron is a Principal Engineer of the City of Spokane's Wastewater Management Department. Mr. Hendron lives in the Spokane, Washington area. Mr. Hendron may be called as a fact witness and as a non-retained expert. Mr. Hendron has no known time conflicts during the first two weeks of April 2020. Mr. Hendron may testify regarding the following subjects: operation, maintenance, and capabilities of RPWRF, including expectations regarding operation of the NLT system; the design of, planning, expected operation, and testing relating to the NLT system; the City of Spokane's decision and expectation to operate the NLT system during the non-critical season; monitoring, testing, and inspections at RPWRF; policies, requirements, and enforcements relating to RPWRF discharge; the City's historical knowledge regarding the presence of PCBs in its conveyance systems and in the Spokane River; the City's plans and actions to address PCBs in its conveyance systems; the events leading to the City's decision to focus on reducing the discharge of

PCBs into the Spokane River; the City's actions to comply with the Riverkeeper Consent Decree relating to PCBs; the City's involvement in the Spokane River Regional Toxics Task Force; the City's understanding of the presence of PCBs in the Spokane River; the NPDES permitting requirements relating to the City's discharge of stormwater, wastewater, and combined sewer overflows, and the City's compliance with such permits; the City's analysis and understanding of the sources of PCBs in the Spokane River; and the events leading to the issuance of a NPDES permit with a narrative requirement rather than a quantitative limit for the discharge of PCBs. Mr. Hendron may also testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## IV.   Marlene Feist

Ms. Feist is the Director of Strategic Development in the City of Spokane's Public Works Department. Ms. Feist lives in the Spokane, Washington area. Ms. Feist will not be called as an expert. Ms. Feist has no known time conflicts during the first two weeks of April 2020.

Ms. Feist may testify regarding the following subjects: the City's plans, decisions, and actions to reduce the discharge of PCBs into the Spokane River since the mid-2000s; the NPDES permitting requirements relating to the City's discharge of stormwater, wastewater, and combined sewer overflows into the

Spokane River, and the City's actions to comply with such permits; the City's understanding of and communications relating to the Washington water quality standard for PCBs; the City's governing authority, management, and operational structure; City ordinances and policies relating to PCBs or PCB-containing products; the City's communications and outreach to advise of contaminants; communications and cooperation with other dischargers to understand, study, investigate, and address PCBs in the Spokane River; efforts to understand how people use the Spokane River, including involvement in Robinson Research's public opinion surveys relating to the Spokane River; the City's communications with other governmental entities, associations, or groups regarding PCBs or Spokane River water quality; the City's activities relating to cleanup sites within Spokane; and the City's issuance of "green" bonds and related expenses and payments. Ms. Feist may also testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

**V.    Jeff Donovan**

Mr. Donovan is a Chemist in the City of Spokane's Wastewater Management Department.   Mr. Donovan lives in the Spokane, Washington area.   Mr. Donovan will not be called as an expert.   Mr. Donovan has no known time conflicts during the first two weeks of April 2020.

Mr. Donovan may testify regarding the following subjects: the City's compliance with NPDES permitting requirements; the City's submissions relating to its NPDES permit, including PCB Variances and Toxic Management Plans; the City's testing and chemical analysis of PCBs in stormwater, wastewater, combined sewer, and products, including the costs relating to such testing and analysis; the City's involvement in the Spokane River Regional Toxics Task Force; the City's PCB source control actions, including the monitoring of PCBs in the conveyance system; the City's analysis and understanding of the sources of PCBs in the Spokane River; and the City's investigation and analysis of PCBs in products. Mr. Donovan may also testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## VI.  Scott Windsor

Mr. Windsor is an Environmental Analysist in the City of Spokane's Solid Waste Disposal Department.  Mr. Windsor lives in the Spokane, Washington area. Mr. Windsor will not be called as an expert.  Mr. Windsor has no known time conflicts during the first two weeks of April 2020.

Mr. Windsor may testify regarding the City's practices regarding solid waste and the City's knowledge regarding landfills in Spokane. Mr. Windsor may also

testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## VII. William Peacock

Mr. Peacock is a Principal Engineer for the City of Spokane Wastewater Management Department. Mr. Peacock lives in the Spokane, Washington area. Mr. Peacock may be called as a fact witness and as a non-retained expert. Mr. Peacock is unavailable April 6 - 8, and 13 - 17, but is otherwise generally available in April 2020.

Mr. Peacock may testify regarding the following subjects: operations, inspections, design, and maintenance of the City of Spokane's stormwater, wastewater, and combined sewer conveyance systems, including the design and implementation of stormwater projects that reduce the discharge of PCBs to the Spokane River; planning and asset management relating to the City's conveyance systems; the events leading to the City's decision to focus on reducing the discharge of PCBs into the Spokane River; and the events leading to the issuance of a NPDES permit with a narrative requirement rather than a quantitative limit for the discharge of PCBs. Mr. Peacock may also testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## VIII. James (Trey) George, III

Mr. George is the Environmental Analysist Stormwater Permit Coordinator in the City of Spokane's Wastewater Management Department. Mr. George lives in the Spokane, Washington area. Mr. George will not be called as an expert. Mr. George has no known time conflicts during the first two weeks of April 2020.

Mr. George may testify regarding the requirements and provisions of NPDES permits applicable to City's stormwater and the City's efforts to comply with such requirements and provisions. Mr. George may also testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## IX. Raylene Gennett

Ms. Gennett is the Superintendent of Wastewater Maintenance and Collection in the City of Spokane's Wastewater Management Department. Ms. Gennett lives in the Spokane, Washington area. Ms. Gennett will not be called as an expert. Ms. Gennett has no known time conflicts during the first two weeks of April 2020.

Ms. Gennett may testify regarding the following subjects: the City's actions to comply with the Riverkeeper Consent Decree relating to PCBs; the City's efforts to monitor and control sources of PCBs and to prevent PCBs from

entering the City's conveyance systems, and ultimately the Spokane River; the City's activities relating to monitoring and cleanup of PCB-contaminated sites; and the maintenance and repair of the City's conveyance systems. Ms. Gennett may also testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## X. Michelle Hughes

Ms. Hughes is the Accounting Director in the City of Spokane's Finance Department. Ms. Hughes lives in the Spokane, Washington area. Ms. Hughes will not be called as an expert. Ms. Hughes has no known time conflicts during the first two weeks of April 2020.

Ms. Hughes may testify regarding the City's costs incurred because of the presences of PCBs in the Spokane River or City' conveyance systems. Ms. Hughes may also discuss the funding mechanisms used to pay for such costs. Ms. Hughes may also testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## XI. Doug Greenlund

Mr. Greenlund works in the City of Spokane's Water & Hydroelectric Department, he formerly worked in Environmental Programs Department. Mr. Greenlund lives in the Spokane, Washington area. Mr. Greenlund will not be

called as an expert. Mr. Greenlund has no known time conflicts during the first weeks of April 2020.

Mr. Greenlund may testify regarding the City of Spokane Environmentally Preferable Purchasing Policy and the City's efforts to use products that are PCB free. Mr. Greenlund may also testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## XII.  Lynn Schmidt

Ms. Schmidt is the City of Spokane's former Stormwater Coordinator. Ms. Schmidt lives in the Spokane, Washington area. Ms. Schmidt will not be called as an expert. Ms. Schmidt is unavailable April 6, 14, 15, and 16, but is otherwise generally available in April 2020.

Ms. Schmidt's testimony will relate to her tenure at the City of Spokane. Ms. Schmidt may testify regarding the following subjects: the City's efforts to reduce the discharge of PCBs into the Spokane River; the City's efforts to comply with the Riverkeeper Consent Decree; the NPDES permit requirements applicable to the City and the City's efforts to comply with such permits; the City's involvement in the Spokane River Regional Toxics Task Force; and the City's investigation and analysis of PCBs in products. Ms. Schmidt may also

testify as necessary to rebut statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## XIII. **Dale Arnold**

Mr. Arnold is the former Director of the Wastewater Management Department for the City of Spokane and former Superintendent of the City's Riverfront Park Water Reclamation Facility. Mr. Arnold lives in the Spokane, Washington, area. Mr. Arnold will not be called as an expert. Mr. Arnold has no known time conflicts during the month of April 2020.

Mr. Arnold's testimony will relate to his tenure at the City of Spokane. Mr. Arnold may testify regarding the following subjects: the City's decisions and efforts to reduce the discharge of PCBs into the Spokane River; the City's developing understanding of the problem posed by PCBs in its conveyance systems and in the Spokane River during the 2000s and early 2010s; the City's efforts to comply with the Riverkeeper Consent Decree; the NPDES permit requirements applicable to the City and the City's efforts to comply with such permits, specifically as it relates to wastewater and combined sewer; the City's involvement in the Spokane River Regional Toxics Task Force; the City's investigations and monitoring of cleanup sites that contained, or were thought to potentially have contained, PCBs; and the City's investigation and analysis of PCBs in products. Mr. Arnold may also testify as necessary to rebut

statements or accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

## XIV. **Michael LaScuola**

Mr. LaScuola is a Technical Advisor of the Environmental Resources Program at the Spokane Regional Health District. Mr. LaScuola lives in the Spokane, Washington, area. Mr. LaScuola will be called as a fact witness and non-retained expert.

The City of Spokane anticipates Mr. LaScuola to testify regarding the following matters: his experience working for the Spokane Regional Health District on matters involving PCBs and the Spokane River; his experience working for the Spokane Regional Health District on matters involving contaminants in fish, including but not limited to analysis, outreach, and communication regarding fish consumption advisories; his knowledge based on experience at the Spokane Regional Health District of Spokane River fishing, including where people fish and what people catch; his knowledge based on experience at the Spokane Regional Health District of the consumption of fish from the Spokane River, including whether certain ethnic groups catch and consume fish from the Spokane River; and his involvement with the Spokane River Regional Toxics Task Force. Mr. LaScuola may also testify as necessary to rebut statements or

accusations made by Defendants, Defendants' witnesses, or Defendants' lawyers at trial.

Defendants have noticed a deposition of Mr. LaScuola for January 28, 2020. Plaintiff reserves the right to supplement its summary of opinions after that time, should the deposition take place.

## Retained Experts

### XV. David Rosner, Ph.D, MPH

Dr. Rosner is a professor at Columbia University and lives in New York, New York. He is a retained expert witness for the City of Spokane. Dr. Rosner may testify to the matters set forth in his report, submitted on October 11, 2019, and to matters discussed during his deposition in this case. Due to teaching obligations, Dr. Rosner will have difficulty testifying on Wednesdays and Thursdays, but he is generally available on Mondays, Tuesdays, and Fridays in April 2020.

### XVI. Richard DeGrandchamp, Ph.D.

Dr. DeGrandchamp is a member of the Graduate Faculty at the University of Colorado and lives in Evergreen, Colorado. He is a retained expert witness for the City of Spokane. Dr. DeGrandchamp may testify to the matters set forth in Books 1-3 of his report submitted on October 11, 2019, to matters set forth in his rebuttal report submitted on December 17, 2019, and to matters discussed

during his deposition in this case.  Dr. DeGrandchamp is generally available in April 2020.

## XVII.    Jack Matson, Ph.D.

Dr. Matson is an Emeritus Professor of Environmental Engineering at the Pennsylvania State University and the founder of Matson & Associates, Inc.  Dr. Matson lives in State College, Pennsylvania.  He is a retained expert witness for the City of Spokane. Dr. Matson may testify to the matters set forth in his report submitted on October 11, 2019.  Dr. Matson is unavailable April 16-19, 2020, but otherwise generally available in April 2020.

## XVIII.    J. Keith Nelson, Ph.D.

Dr. Nelson is an Emeritus Professor of Electric Power Engineering at the Rensselaer Polytechnic Institute in Troy, NY.  Dr. Nelson lives in Schenectady, New York.  He is a retained expert witness for the City of Spokane. Dr. Nelson may testify to the matters set forth in his report submitted on October 11, 2019. Dr. Nelson is generally available in April 2020.

## XIX. James R. Olson, Ph.D.

Dr. Olson is a professor at SUNY-Buffalo and lives in Buffalo, New York. He is a retained expert witness for the City of Spokane. Dr. Olson may testify to the matters set forth in his report submitted on October 11, 2019, his rebuttal report submitted on December 17, 2019, and to matters discussed during his deposition

in this case.  Dr. Olson is unavailable April 6, 17, 20, and 21, but is otherwise generally available in April 2020.

## XX.  <u>Lisa Rodenburg, Ph.D.</u>

Dr. Rodenburg is a Professor of Environmental Science at Rutgers, the State University of New Jersey and lives in New Jersey. She is a retained expert witness for the City of Spokane.  Dr. Rodenburg may testify to the matters set forth in her report submitted on October 11, 2019, errata and supplement submitted on December 17, 2019, rebuttal report submitted on December 17, 2019, errata submitted on January 9, 2020, and to matters discussed during her deposition in this case. Dr. Rodenburg is unavailable April 6 and 24, but is otherwise generally available in April 2020.

## XXI.  <u>Michael Trapp, Ph.D.</u>

Dr. Trapp holds a Ph.D. in marine and atmospheric chemistry and is the Department Manager of Surface Water and Sediment Quality at Michael Baker International. Dr. Trapp lives in Carlsbad, California.  He is a retained expert witness for the City of Spokane.  Dr. Trapp may testify to the matters set forth in his report submitted on October 11, 2019, rebuttal report submitted on December 17, 2019, and to matters discussed during his deposition in this case. Dr. Trapp is unavailable April 13-17, but is otherwise generally available in April 2020.

## XXII.    Joel E. Bowdan, III

Mr. Bowdan is a Technical Manager of Water and Wastewater at Michael Baker International. Mr. Bowdan lives in San Diego, California and is a retained expert witness for the City of Spokane.  Mr. Bowdan may testify to the matters set forth in his report submitted on October 11, 2019, rebuttal report submitted on December 17, 2019, and to matters discussed during his deposition in this case. Mr. Bowdan is unavailable on Mondays, but otherwise generally available in April 2020.

## XXIII.    David O. Carpenter, M.D.

Dr. Carpenter is a public health physician and Dean of the School of Public Health of the University at Albany. Dr. Carpenter lives in Albany, New York and is a retained expert witness for the City of Spokane. Dr. Carpenter may testify to the matters set forth in his report submitted on October 11, 2019 and to matters discussed during his deposition in this case. Dr. Carpenter is available April 9, 10, 16, 17, 23, 24, and 30, 2020.

## XXIV.    Daniel Schlenk, Ph.D.

Dr. Schlenk is Professor of Aquatic Ecotoxicology and Environmental Toxicology at the University of California Riverside. Dr. Schlenk lives in Southern California and is a retained expert witness for the City of Spokane. Dr. Schlenk may testify to the matters set forth in his report submitted on October

11, 2019, rebuttal report submitted on December 17, 2019, and to matters discussed during his deposition in this case. Dr. Schlenk is tentatively unavailable April 13-24, 2020.

### XXV.     Frank Gobas, Ph.D.

Dr. Gobas is the Chair in the School of Resource and Environmental Management, Faculty of the Environment at Simon Fraser University. Dr. Gobas lives in North Vancouver, British Columbia, Canada, and is a retained expert witness for the City of Spokane. Dr. Gobas may testify to the matters set forth in his report submitted on October 11, 2019, rebuttal report submitted on December 17, 2019, and to matters discussed during his deposition in this case. Dr. Gobas is unavailable April 19-22, 2020.

### XXVI.    David Dilks, Ph.D.

Dr. Dilks holds a Ph.D. in Environmental Health Sciences and is a Vice President at LimnoTech. Dr. Dilks lives in Ann Arbor, Michigan and is a retained expert witness for the City of Spokane. Dr. Dilks may testify to the matters set forth in his report submitted on October 11, 2019 and to matters discussed during his deposition in this case. Dr. Dilks is generally available April 2020.

## XXVII.  Kevin Coghlan, M.S., C.I.H.

Mr. Coghlan is the Chief Operating Officer and Principal Scientist at Environmental Health & Engineering, Inc.  Mr. Coghlan lives near Boston, Massachusetts and is a retained expert witness for the City of Spokane. Mr. Coghlan may testify to the matters set forth in his report submitted on October 11, 2019, rebuttal report submitted on December 17, 2019, and to matters discussed during his deposition in this case.  Mr. Coghlan is unavailable April 21-24, 2020.

## XXVIII. Robert Kaley, Ph.D.

Dr. Kaley is a former Monsanto employee, is retained as a consultant by Defendants' counsel at a rate of $20,000 a month, and was designated as Defendants' sole corporate representative in this case.  Dr. Kaley is expected to testify as to the following:

- Defendants' knowledge of the effects of PCBs on human health and the environment, including toxicity and other health effects, biodegradation, bioaccumulation, biomagnification, ecological persistence and volatilization, and the knowledge of the extent to which PCBs were causing environmental contamination, including in rivers, streams, waterways, fish, the human food supply and human bodies;

- Defendants' knowledge of the ability of PCBs to emanate out of products in which they were used or incorporated during all of the various phases of the products' life cycle, including the knowledge of the methods by which their customers and users of PCBs were disposing of PCBs, waste streams or materials contaminated with PCBs and/or products containing PCBs, and the propensity of such disposal methods to cause environmental contamination;

- Defendants' knowledge of their customers, distributors and ultimate users of PCBs and products containing PCBs causing environmental contamination due to improper disposal, leaks, spills, dumping and storing PCBs in improperly designed equipment, as well as releases and/or discharges of PCBs at facilities owned or maintained by Defendants;

- Defendants manufacture of DDT and the resultant knowledge of its fate and transport in the environment and the propensity to cause environmental contamination;

- Defendants' production, promotion, marketing and sale of PCBs and PCTs, knowledge of alternatives to PCBs in various products, profits generated by Defendants' production and sale of PCBs and the importance of the business to Defendants;

-   Defendants' decision-making process, motivations, and actions with respect to its decision(s) to restrict sales of and ultimately stop manufacturing PCBs and PCTs;

-   Defendants' failure to provide sufficient warnings and information to its customers, users, and the public about PCBs, its potential risk to the environment and human health, and how to maintain and dispose of PCB and PCB containing products;

-   Defendants' representations and statements to the public, government and regulators about PCBs, including positions taken by Defendants and communications with regulators and the government with respect to potential PCB-related regulations, actions taken by Defendants to protect their PCB market including building of the incinerator, efforts to convince the government that PCBs were necessary and safe, and creation of a product which was falsely represented as being less environmentally harmful;

-   Defendants' product stewardship policies and statements, and Defendants' actions in regards to PCBs in comparison thereto; and

    Communications between Defendants and IBT, PCB-related toxicology studies done for Defendants by IBT, Defendants' knowledge of allegations of fraud committed by IBT with respect to toxicology studies in general, and

Defendants' knowledge of fraud committed by IBT with respect to the PCB studies in particular.

## XXIX. Phillip Smith.

Mr. Smith is a former employee of Industrial Biotest Laboratories, Inc. (IBT) and is expected to testify about the following:

- His work at IBT from 1971-1977;

- His knowledge of work done by IBT for Monsanto conducting toxicology studies on Aroclors;

- The conditions of the facilities and animals at the lab at IBT in which the studies were done;

- Falsification and/or fabrication of data by IBT employees made in conjunction with the Aroclor IBT studies;

- Monsanto's employee's knowledge of same; and

- Monsanto's employees' relationship and interaction with IBT employees.

Dated:   January 10, 2020

By: /s/ Elizabeth L. Schoedel
**OFFICE OF THE CITY ATTORNEY**
Elizabeth L. Schoedel WSBA #20240
Salvatore J. Faggiano WSBA #15696
Assistant City Attorneys

**BARON & BUDD, P.C.**
Scott Summy (*admitted Pro Hac Vice*)
Carla Burke (*admitted Pro Hac Vice*)
Celeste Evangelisti (*admitted Pro Hac Vice*)

Brett Land (*admitted Pro Hac Vice*)
John P. Fiske (*admitted Pro Hac Vice*)
Jason J. Julius, (*admitted Pro Hac Vice*)
Cary McDougal, (*admitted Pro Hac Vice*)
Alicia Butler, (*admitted Pro Hac Vice*)

**GOMEZ TRIAL ATTORNEYS**
John H. Gomez (admitted Pro Hac Vice)
(CA Bar No. 171485)
655 West Broadway, Suite 1700
San Diego, CA  92101
Telephone: (619) 237-3490

*Attorneys for Plaintiff City of Spokane*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, I caused to be served the following: **PLAINTIFF CITY OF SPOKANE WITNESS** LIST to be electronically filed with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Brent J. Gilhousen | brent.gilhousen@earthlink.net |
| Robert M. Howard | robert.howard@lw.com |
| Kelly E. Richardson | kelly.richardson@lw.com |
| Adam E. Miller | miller@capessokol.com |
| Anthony N. Upshaw | aupshaw@mwe.com |
| James A. Pardo | jpardo@mwe.com |
| Lisa A. Gerson | lgerson@mwe.com |
| James A. Tupper | tupper@tmw-law.com |
| Lynne M. Cohee | cohee@tmw-law.com |
| Susan L. Werstak | werstak@capessokol.com |
| Michael W. Cromwell | cromwell@capessokol.com |
| David S. Haase | Monsanto-Litigation@shb.com |
| Richard L. Campbell | Monsanto-Litigation@shb.com |
| Thomas M. Goutman | Monsanto-Litigation@shb.com |
| Geana M. Van Dessel | SpokaneLitigationFilings@KutakRock.com |
| Melissa Nott Davis | Monsanto-Litigation@shb.com |
| Stephen I. Hansen | Monsanto-Litigation@shb.com |
| Rosemary R. Schnall | Monsanto-Litigation@shb.com |
| Lisa N. DeBord | debord@capessokol.com |

By: _/s/ Rosemarie Hulvey_____
Rosemarie Hulvey, Attorney Assistant
Office of the City Attorney
808 West Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201
Phone (509) 625-6225
Fax (509) 625-6277