**OFFICE OF THE CITY ATTORNEY**
Elizabeth L. Schoedel (WSBA #20240)
Salvatore J. Faggiano (WSBA #15696)
Assistant City Attorneys
808 W. Spokane Falls Blvd.
Spokane, Washington 99201
Telephone: (509) 625-6225

**BARON & BUDD, P.C.**
Scott Summy, TX Bar No. 19507500 (*Pro Hac Vice*)
Carla Burke, TX Bar No. 24012490 (*Pro Hac Vice*)
Celeste Evangelisti, CA Bar No. 225232 (*Pro Hac Vice*)
Brett Land, TX Bar No. 24092664 (*Pro Hac Vice*)
Cary McDougal, TX Bar No. 13569600 (*Pro Hac Vice*)
Alicia Butler, TX Bar No. 00797823 (*Pro Hac Vice*)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605

John P. Fiske, CA Bar No. 249256 (*Pro Hac Vice*)
Jason J. Julius, CA Bar No. 249036 (*Pro Hac Vice*)
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Telephone: (858) 251-7424
[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff City of Spokane*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF SPOKANE, a municipal corporation located in the County of Spokane, State of Washington,<br><br>Plaintiff,<br>v.<br><br>MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION, and DOES 1 through 100.<br><br>Defendants. | Case No.: 2:15-cv-00201-SMJ<br><br>**PLAINTIFF'S MOTION TO EXCLUDE EXPERT OPINIONS OF PETER G. SHIELDS, M.D.**<br><br>Hearing Date: March 12, 2020<br>Time: 8:30 am in Richland, Washington<br>Oral Argument Requested |

Plaintiff's Motion to Exclude Expert Opinions of
Peter G. Shields, M.D. - 1

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
**808 W. Spokane Falls Blvd.**
**5th Floor, Municipal Building**
**Spokane, WA 99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

The City of Spokane moves to exclude certain opinions of retained expert Peter G. Shields, M.D., under Federal Rules of Evidence 402, 403, 404, and 702, as follows:

## I.    FACTS

The City of Spokane seeks to hold Defendants Monsanto Company, Solutia, Inc., and Pharmacia LLC (collectively "Monsanto") liable for the costs of investigating PCBs and reducing the amount of PCBs discharged into the Spokane River from its wastewater and stormwater systems, on theories of public nuisance, defective design and failure to warn under the Washington Product Liability Act, negligence, and equitable indemnity. [ECF Doc. 1].

Monsanto has designated an expert in epidemiology and internal medicine, Dr. Peter G. Shields, to offer opinions regarding the association between PCBs and cancer in humans. *See generally,* Expert Report of Peter G. Shields, M.D., dated Nov. 15, 2019 (attached as **Exhibit A** to Decl. of Alicia Butler in Supp. of Mot. to Excl. (Shields)). By this motion, the City seeks to exclude certain opinions of Dr. Shields that do not tend to prove any fact of consequence to this action, that are entirely speculative, that constitute impermissible character evidence, and that present a danger of confusion, prejudice, and time-wasting that outweigh their minimal probative value.

## II.    ARGUMENT

**A.    Dr. Shields' specific causation opinion should be excluded because it will not be helpful to the jury and any probative value is outweighed by the danger of confusion of the issues.**

Plaintiff's Motion to Exclude Expert Opinions of
Peter G. Shields, M.D. - 2

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
**808 W. Spokane Falls Blvd.**
**5th Floor, Municipal Building**
**Spokane, WA 99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

Under Federal Rules of Evidence 702(a) & (b), 402 and 403, Dr. Shields should not be permitted offer "specific causation" opinions about the human health effects of exposures to PCBs from the Spokane River.  Although Dr. Shields' report discloses that he will give opinions on both general and specific causation, disclosure of his specific causation opinion consists of a single sentence declaring, without elaboration, that "[t]here are no human studies that indicate that consumption of fish *at PCB levels in Spokane river water* at any frequency or duration are known causes of any cancer." *Id.* at 101 (emphasis added).  *See* Ex. A at 2, 101. This specific causation opinion should be excluded under Rules 402 and 702(a) because it is neither relevant or helpful to the trier of fact. Unlike in personal injury cases arising from toxic exposures, whether PCBs in the Spokane River *have* caused or *will* cause anyone to develop cancer is not at issue in this case. Thus, Dr. Shields' "specific causation" opinion has no tendency to make any "fact of consequence in determining the action" more probable and should be excluded under Rule 402 and 702(a). Any probative value is outweighed by the danger of confusing the issues, rendering it inadmissible under Rule 403.

Dr. Shields' report, moreover, does not in any way quantify exposures to PCBs from the Spokane River, discuss exposure pathways or doses, address the existing body burden of persons exposed to PCBs through the Spokane River, or relates PCBs in Spokane River water to a resulting blood serum level or body burden.  At one point, Dr. Shields merely makes vague reference to exposures to "the plaintiffs in this case." Ex. A

Plaintiff's Motion to Exclude Expert Opinions of
Peter G. Shields, M.D. - 3

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
**808 W. Spokane Falls Blvd.**
**5th Floor, Municipal Building**
**Spokane, WA 99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

at 59. Absent exposure evidence, Dr. Shields lacks a suitable foundation to offer any admissible opinion on specific causation. *See* Fed. R. Evid. 702(b) (requiring that an expert's opinion must be based on "sufficient facts or data.").

### B. Dr. Shields' Testimony About the IARC's PCB Working Group Should Be Confined to His Scientific Analysis of IARC's Findings.

Monsanto intends to call Dr. Shields in part to convince the jury to disregard a determination by the International Agency for Research on Cancer that PCBs are "carcinogenic to humans." *See* IARC, *Polychlorinated Biphenyls and Polybrominated Biphenyls*, Vol. 107, IARC Monographs on the Evaluation of Carcinogenic Risks to Humans (2016), at 439 (attached as **Exhibit B** to Butler Decl.). IARC is a specialized cancer agency of the World Health Organization supported by the National Cancer Institute and the National Institute of Environmental Health Sciences that has published a series of monographs since 1971 seeking to "identify the causes of human cancer." *Id.* at 9. The IARC Monographs are "critical reviews and evaluations of evidence on the carcinogenicity of a wide range of human exposures." *Id.* at 10. They "represent the first step in carcinogen risk assessment, which involves examination of all relevant information to assess the strength of the available evidence that an agent could alter the age-specific incidence of cancer in humans." *Id.* IARC's scientific inquiry ties directly to the issue of general causation as defined by the Ninth Circuit: "The term 'carcinogenic risk' in the IARC Monographs series is taken to mean that an agent is *capable of causing*

Plaintiff's Motion to Exclude Expert Opinions of
Peter G. Shields, M.D. - 4

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
**808 W. Spokane Falls Blvd.**
**5th Floor, Municipal Building**
**Spokane, WA 99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

*cancer.*" Ex. B at 1 (emphasis added); *see, e.g., In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1124, 1133 (9th Cir. 2002) (explaining that "general causation" concerns "whether the substance at issue had the capacity to cause the harm alleged*"*).

IARC convened a Working Group in 2013 to reassess whether PCBs are capable of causing cancer in humans. Ex. B at 33. The Working Group consisted of 26 "independent scientists" from around the world whose affiliations and potential conflicts of interest are disclosed in the Monograph. *Id.* at 3-5. Monsanto sent John Schell, Ph.D. as its representative to observe the Working Group's proceedings. *Id.* at 5; Dep. of John Schell, Ph.D. on January 11, 2018 (attached as **Exhibit C** to Butler Decl.), at 163:24-164:5; 167:22-24. A General Electric toxicologist also attended as an observer. Ex. B at 6. Ultimately, the Working Group found that "[t]here is sufficient evidence in humans for the carcinogenicity of polychlorinated biphenyls (PCBs). PCBs cause malignant melanoma." *Id.* at 439. Further, they found that "[p]ositive associations have been observed for non-Hodgkin lymphoma and cancer of the breast." *Id.*

In each Monograph, the IARC Working Group presents an "overall evaluation of the carcinogenicity of the agent to humans." Ex. B at 29. The agent is placed into one of five categories, as "a matter of scientific judgment that reflects the strength of the evidence derived from studies in humans and in experimental animals and from mechanistic and other relevant data," *id.*, ranging from the strongest level of scientific evidence of causation ("Group 1: The agent is carcinogenic to humans") to a conclusion

Plaintiff's Motion to Exclude Expert Opinions of
Peter G. Shields, M.D. - 5

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

that the agent "is probably not carcinogenic to humans" (Group 4). *Id.* at 29-30. For its overall evaluation, IARC's PCB Working Group categorized PCBs in Group 1, reflecting its conclusion that PCBs are "carcinogenic to humans." *Id.* at 439.

1. <u>Dr. Shields Should Not be Permitted to Suggest That IARC Found That PCBs *Do Not Cause* Cancers Other Than Malignant Melanoma.</u>

Dr. Shields presents the IARC findings in a manner that is likely to confuse and mislead the jury about IARC's findings. Specifically, Dr. Shields will testify that "other than for melanoma…the Working Group concluded that there was insufficient human evidence to conclude that PCBs were causally related to cancer at any site, or all cancers combined." Ex. A at 36; *see also id.* at 7, 65. Thus, for example, in discussing non-Hodgkin's lymphoma, Dr. Shields describes one peer-reviewed, published article as "concluding that PCBs are a cause of NHL (in contrast to IARC)." Ex. A at 22 (emphasis added). Dr. Shields acknowledges that the intended effect of these opinions is to persuade the jury that IARC "found no causal association" between PCBs and non-Hodgkins lymphoma or breast cancer. *See* Dep. of Peter G. Shields, M.D, dated July 3, 2019 (attached as **Exhibit D**), at 37:1-10.

Dr. Shields should not be permitted to testify *or to suggest*—and defense counsel should not be permitted to argue—that IARC concluded that PCBs do not cause non-Hodgkin's lymphoma, breast cancer, or other cancers. Under IARC's rigorous procedure for standardizing a Working Group's evaluations, a finding of "sufficient evidence" of

Plaintiff's Motion to Exclude Expert Opinions of
Peter G. Shields, M.D. - 6

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

carcinogenicity must identify in the next sentence the target organ(s) or tissue(s) where an increased risk was observed. Ex. B at 27. But "[i]dentification of a specific target organ or tissue *does not preclude* the possibility that the agent may cause cancer at other sites." *Id.* When it *does* want to indicate that the evidence may precludes a finding of causation for a given type of cancer, IARC requires specific wording that the Working Group did not use in evaluating PCBs: "evidence suggesting lack of carcinogenicity." *Id.* at 27. And even Dr. Shields must acknowledge that IARC did not conclude that PCBs "do not cause" cancers. *See* Ex. D at 36: 13-25; *see also* 65:23-66:1. Testimony, innuendo and argument to the contrary should be excluded under Rule 702 because it is not based on sufficient facts and will not help the jury understand the facts or evidence.

        2.    <u>Dr. Shields Has No Foundation to Testify That IARC Overestimates Cancer Risk Based on a "Precautionary Principle."</u>

Dr. Shields plans to testify that IARC's findings are based on a "precautionary principle" and that when IARC "makes a determination that an agent such as PCBs are a known human carcinogen, it should not be inferred that they <u>will </u>cause cancer in humans." Ex A at 8; Ex. D at 62:13-19 ("[what] you're looking for from a precautionary perspective, which is what IARC does, is how to maximally protect someone."). He describes the precautionary principle as principle whereby "[i]n the absence of data…we make public health decisions or regulations to try to maximally reduce any potential harm, even if the agent may not have a risk of causing harm." Ex. D at 66:7-13. Dr. Shields

Plaintiff's Motion to Exclude Expert Opinions of
Peter G. Shields, M.D. - 7

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
**808 W. Spokane Falls Blvd.**
**5th Floor, Municipal Building**
**Spokane, WA 99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

thus presents IARC's findings as an overestimate of risk based on the "precautionary principle," completely contradicting IARC's own explanation of its evaluation process:

> A cancer 'hazard' is an agent that is capable of causing cancer under some circumstances, while a cancer 'risk' is an estimate of the carcinogenic effects expected from exposure to a cancer hazard. The Monographs are an exercise in evaluating cancer hazards, despite the historical presence of the word 'risks' in the title. The distinction between hazard and risk is important, and the Monographs identify cancer hazards even when risks are very low at current exposure levels, because new uses or unforeseen exposures could engender risks that are significantly higher.

Ex. D at 10. Thus, the evaluations of the Working Groups "are scientific, qualitative judgements on the evidence for or against carcinogenicity provided by the available data." *Id.* at 11. As one member of the PCB Working Group has explained, "The IARC evaluations do not build in precaution, rather, they strive for a balanced evaluation of the overall weight of the evidence." Cogliano, Vincent James, Commentary, "The IARC Monographs: a resource for precaution and prevention," *Occup. Environ. Med.* 64,9 (2007):572 (attached as **Exhibit E**). Because Dr. Shields has no basis for testifying that IARC's cancer hazard evaluation for PCBs operated on a "precautionary principle" to "maximally reduce any potential harm" in the "absence of data," these opinions should be excluded under Rule 702 because they are not based on sufficient facts or data and will not assist the jury to determine any fact of consequence in this action.

Plaintiff's Motion to Exclude Expert Opinions of Peter G. Shields, M.D. - 8

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

3. <u>Dr. Shields' should not be permitted to testify about any "lack of transparency," "closed-door secretive" meetings, or undue influence in the IARC PCB Working Group Process.</u>

Dr. Shields' testimony that "[t]here was a lack of transparency … for the IARC working group process," Ex. A at 7, and that this "lack of transparency" was "sanctioned" by IARC, *id.* at 37, as well as any speculation about "whatever might have happened in some closed-door, secretive meeting," Ex. D at 150:15-25, potentially involving a "well-known PCB plaintiff's expert," Ex. A at 37, should be excluded under Rules 404, 702(b), and 403, because it lacks a proper basis in "facts or data" and constitutes inadmissible character evidence. Further, any marginal probative value of this testimony is outweighed by a danger of unfair prejudice and waste of time.

Dr. Shields opines that "the process for IARC was not transparent," and then attempts to paint a picture of a corrupted process that in his view resulted in an erroneous scientific judgment, apparently due to the participation of David Carpenter "a well-known PCB plaintiff's expert" as an "invited specialist." Ex. A at 36-37. But by "lack of transparency," Dr. Shields simply means that "they make a conclusion that is not mappable back to their actual review." Ex. D at 147:15-17; *see also id.* at 148:12-15. He identifies this "lack of transparency" *entirely* from information he read in the Monograph and the papers cited therein. *See id.* at 148:1-2; 149:19-22; 151:11-152:3. And even though two representatives of industry observed the proceedings—one of whom serves as Monsanto's toxicology expert in this litigation—Dr. Shields formed his opinion

Plaintiff's Motion to Exclude Expert Opinions of
Peter G. Shields, M.D. - 9

**MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277**

without communicating with anyone who attended the proceedings or reading any reports of what happened other than the IARC Monograph. *Id.* at 149:25-150:7, 151:11-153:11. Yet he opines that "whatever might have happened in some closed-door, secretive meeting, that's not their process, they're not supposed to do it that way." *Id.* at 150:24-151:1.

Dr. Shields also suggests that an "invited specialist," David Carpenter, who has testified for plaintiffs in PCB litigation and whose role as a litigation consultant is disclosed in the Monograph, *see* Ex. B at 5 & n. 2, somehow improperly influenced the Working Group's conclusions—although he formed this opinion without any direct or indirect knowledge that Dr. Carpenter did so. Ex. D at 158:11-18; 160:4-161:8; 165:1-23. As an "invited specialist," Dr. Carpenter had a restricted role that was intended to give the Working Group access to critical knowledge but to prevent influence on the Working Group's evaluation by an expert with "a real or apparent conflict of interest[]." Ex. B at 12. Dr. Shields acknowledges that he "would have no idea" whether the "lack of transparency" he complains about was due to the influence of Dr. Carpenter, Ex. D at 165:24-166:4, although this is clearly the inference his testimony is intended to create.

Dr. Shields should be precluded from offering any of this speculative, unfairly prejudicial testimony about the IARC process. First, to the extent he offers opinions that the process was not "transparent," his testimony merely restates in inflammatory language

Plaintiff's Motion to Exclude Expert Opinions of
Peter G. Shields, M.D. - 10

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
**808 W. Spokane Falls Blvd.**
**5th Floor, Municipal Building**
**Spokane, WA 99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

his opinion, *see, e.g.,* Ex. A at 7, that there were "inconsistencies" in the Working Group's analysis. Additionally, his opinion on "lack of transparency" should be excluded as impermissible character evidence that is being offered to prove that "on a particular occasion, the [IARC Working Group] acted in accordance with the character trait." Fed. R. Evid. 404(a). Any speculation by Dr. Shields that Dr. Carpenter improperly influenced the PCB Working Group's proceedings, moreover, lacks foundation and presents a danger of unfair prejudice that outweighs any probative value, since it consists of entirely of speculation and innuendo that cannot readily be refuted without calling additional witnesses.

### C. Dr. Shields' Opinions Should Be Limited to Matters at Issue.

Dr. Shields should be precluded from testifying to topics that are at best incidental to the matters at issue: (1) "Lung Cancer and Smoking Discussion" (Ex. A at 37-43); (2) "General Discussion of Non-Hodgkin's Lymphoma" (Ex. A at 43-48); and his opinions comparing the risk of various toxic exposures to the risk presented by PCBs (Ex. A at 33). The Court should exclude such testimony under Rule 403 because any marginal probative value is outweighed by the danger of time wasting.

RESPECTFULLY SUBMITTED this 28th day of January 2020.

By: s/ Elizabeth L. Schoedel
**OFFICE OF THE CITY ATTORNEY**
Elizabeth L. Schoedel WSBA #20240
Salvatore J. Faggiano WSBA #15696
Assistant City Attorneys

Plaintiff's Motion to Exclude Expert Opinions of
Peter G. Shields, M.D. - 11

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
**808 W. Spokane Falls Blvd.**
**5th Floor, Municipal Building**
**Spokane, WA 99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

**BARON & BUDD, P.C.**
Scott Summy (*admitted Pro Hac Vice*)
Carla Burke (*admitted Pro Hac Vice*)
Celeste Evangelisti (*admitted Pro Hac Vice*)
Brett Land (*admitted Pro Hac Vice*)
John P. Fiske (*admitted Pro Hac Vice*)
Jason J. Julius, (*admitted Pro Hac Vice*)
Cary McDougal, (*admitted Pro Hac Vice*)
Alicia Butler, (*admitted Pro Hac Vice*)

**GOMEZ TRIAL ATTORNEYS**
John H. Gomez, CA Bar No. 171485
*(Pro Hac Vice)*
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490

*Attorneys for Plaintiff City of Spokane*

Plaintiff's Motion to Exclude Expert Opinions of Peter G. Shields, M.D. - 12

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

# CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

| | |
|---|---|
| Brent J. Gilhousen | brent.gilhousen@earthlink.net |
| Robert M. Howard | robert.howard@lw.com |
| Kelly E. Richardson | kelly.richardson@lw.com |
| Adam E. Miller | miller@capessokol.com |
| Anthony N. Upshaw | aupshaw@mwe.com |
| James A. Pardo | jpardo@mwe.com |
| Lisa A. Gerson | lgerson@mwe.com |
| James A. Tupper | tupper@tmw-law.com |
| Lynne M. Cohee | cohee@tmw-law.com |
| Susan L. Werstak | werstak@capessokol.com |
| Michael W. Cromwell | cromwell@capessokol.com |
| David S. Haase | Monsanto-Litigation@shb.com |
| Richard L. Campbell | Monsanto-Litigation@shb.com |
| Thomas M. Goutman | Monsanto-Litigation@shb.com |
| Geana M. Van Dessel | SpokaneLitigationFilings@KutakRock.com |
| Melissa Nott Davis | Monsanto-Litigation@shb.com |
| Stephen I. Hansen | Monsanto-Litigation@shb.com |
| Rosemary R. Schnall | Monsanto-Litigation@shb.com |
| Lisa DeBord | debord@capessokol.com |

By:/s/ Rosemarie Hulvey
Rosemarie Hulvey, Attorney Assistant
Office of the City Attorney
808 West Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201
Phone (509) 625-6225
Fax (509) 625-6277

Plaintiff's Motion to Exclude Expert Opinions of Peter G. Shields, M.D. - 13

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
**808 W. Spokane Falls Blvd.**
**5th Floor, Municipal Building**
**Spokane, WA 99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**