**OFFICE OF THE CITY ATTORNEY**
Elizabeth L. Schoedel (WSBA #20240)
Salvatore J. Faggiano (WSBA #15696)
Assistant City Attorneys
808 W. Spokane Falls Blvd.
Spokane, Washington 99201
Telephone: (509) 625-6225

**BARON & BUDD, P.C.**
Scott Summy, TX Bar No. 19507500 (*Pro Hac Vice*)
Carla Burke, TX Bar No. 24012490 (*Pro Hac Vice*)
Celeste Evangelisti, CA Bar No. 225232 (*Pro Hac Vice*)
Brett Land, TX Bar No. 24092664 (*Pro Hac Vice*)
Cary McDougal, TX Bar No. 13569600 (*Pro Hac Vice*)
Alicia Butler, TX Bar No. 00797823 (*Pro Hac Vice*)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605

John P. Fiske, CA Bar No. 249256 (*Pro Hac Vice*)
Jason J. Julius, CA Bar No. 249036 (*Pro Hac Vice*)
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Telephone: (858) 251-7424
[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff City of Spokane*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF SPOKANE, a municipal corporation located in the County of Spokane, State of Washington,<br><br>Plaintiff,<br>v.<br><br>MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION, and DOES 1- through 100,<br><br>Defendants. | Case No.: 2:15-cv-00201-SMJ<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Oral Argument: March 11, 2020<br>Time: 8:30 am in Richland, Washington |

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses - 1

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

## I.  INTRODUCTION

Plaintiff City of Spokane sued Monsanto[1] for environmental contamination caused by Monsanto's PCB products. In its Answer, Monsanto raised several affirmative defenses. ECF No. 153 at 33-51. First, a number of the defenses point to third-party fault, claiming that City's damages are the result of the acts of non-parties and the City itself. Second, several defenses challenge the timeliness of the City's case. Finally, Monsanto invokes the government contractor defense, attempting to shield itself from liability.

The City now moves for summary judgment on these affirmative defenses as being contrary to Washington law or as unsupported by evidence:

(1) <u>Third party fault</u>

The Court should enter judgment dismissing Affirmative Defenses 10, 12, 17, 24, 26, 35, 58, 64, 65, and 69 (regarding comparative fault) because they do not apply to the City's causes of action as a matter of law. Comparative fault does <u>not</u> apply to causes of action involving hazardous substances, RCW 4.22.070; a plaintiff's contributory negligence does not bar recovery, RCW 4.22.005; and assumption of the risk does not bar recovery, RCW 4.22.015.

---

[1] "Monsanto" refers collectively to Defendants Monsanto Company, Solutia, Inc., and Pharmacia LLC.

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses - 2

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

(2) <u>Timeliness and limitations</u>

The City moves for judgment as a matter of law on Affirmative Defenses 2, 3, 4, 7, and 44 because Monsanto has failed to present a triable issue of fact as to any of these defenses.

(3) <u>Government contractor immunity</u>

The City moves for summary judgment as a matter of law on Affirmative Defense 40 because Monsanto has failed to present a triable issue of fact as to the government contractor defense.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed.R.Civ.P. 56(c). "For purely legal questions, summary judgment is appropriate without deference to the non-moving party."  *Kerzman v. NCH Corp.*, 2007 WL 765202 (W.D.Wa. 2007) (not reported in F.Supp.).

Federal Rule of Civil Procedure 56(a) expressly states that a party may move for summary judgment on a "claim or defense."  Both the Ninth Circuit and the Western District of Washington have entertained motions for summary judgment on affirmative defenses.  *See, Moore v. Safeco Ins. Co. of Am.*, 549 F. App'x 651, 654 (9th Cir. 2013); *Lister v. Hyatt Corporation*, 2019 WL 5190893 (W.D.Wa. 2019).  Courts have dismissed

Plaintiff's Motion for Summary Judgment
on Defendants' Affirmative Defenses - 3

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

defenses based on comparative fault, limitations, and government contractor immunity. *Kerzman*, 2007 WL 765202, at *10 (comparative fault); *Avocent Redmond Corp. v. Rose Electronics*, 2012 WL 5495230, at *2 (W.D.Wa. 2012) (laches); *Clayton v. Air & Liquid Systems Corporation*, 2019 WL 3767129, at *7 (W.D.Wa. 2019) (government contractor defense).

Monsanto has the burden of proof at trial to establish its affirmative defenses. "A moving party without the ultimate burden of persuasion at trial … has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The moving party may carry its burden of production on summary judgment by "showing" the opposing party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial. *Id*; *see also*, Adv. Comm. Note to 2010 Amendments to FRCP 56(c)(1)(B) (emphasis added) ("a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden *cannot produce admissible evidence* to carry its burden as to the fact.")

III.  ARGUMENT

**A. Monsanto's Affirmative Defenses are Insufficiently Pled.**

As a preliminary matter, Monsanto's Affirmative Defenses are mere bare assertions that do not provide any information to the City or the Court.  Most are only a single

Plaintiff's Motion for Summary Judgment
on Defendants' Affirmative Defenses - 4

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

sentence. *See* ECF No. 153 at 33-51. As such, they do not satisfy the requirement of Rule 8(c), which "is designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments relating to the defense." *Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir. 2003). Monsanto's conclusory statements provide no information to the City regarding any of the affirmative defenses.

### B. Washington's Comparative Fault Statute Does Not Apply.

Affirmative Defenses 10, 12, 17, 24, 26, 35, 58, 64, 65, and 69 (ECF No. 153 at 35-39; 41-42; 47; 49-50) presume that comparative fault applies. *See* Separate Statement of Material Facts Not in Dispute ("SSMF") No. 1, 2. However, Washington law has clearly exempted causes of action involving hazardous substances from comparative fault. RCW 4.22.070. Similarly neither a plaintiff's contributory negligence nor assumption of the risk bars recovery. *Id. see also*, RCW 4.22.005, RCW 4.22.015.

Washington's comparative fault statute provides that "the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages" including the claimant, defendants, third-party defendants, and released entities. RCW 4.22.070. But the comparative fault statute specifically does not apply to "any cause of action relating to hazardous wastes or substances or solid waste disposal sites," --- neither of which is defined. RCW 4.22.070(3)(a). The first appellate case to address the meaning of the term "hazardous

Plaintiff's Motion for Summary Judgment
on Defendants' Affirmative Defenses - 5

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

substance" was *Sofie v. Fireboard Corp.*, 112 Wn.2d 636, 771 P.2d 711, (1989). In *Sofie*, a personal injury case alleging that workplace exposure to asbestos caused a pipefitter's mesothelioma, the trial judge interpreted the exception to include causes of action relating to asbestos exposure. 112 Wn.2d at 667 (1989). Washington Supreme Court, sitting *en banc*, confirmed that "the term means any hazardous substance." *Id*. Where the substance is a hazardous substance "[then] an affirmative defense based on nonparty fault would be improper." *Kerzman v. NCH Corp.*, 2007 WL 765202, at *10.

When tasked with determining whether the exception applied in a case involving carpet cleaning solvent, the Western District of Washington looked to the statutory definition of "hazardous substance" in the Washington's Hazardous Waste Management Act. *Kerzman*, 2007 WL 765202 at *9. Finding that the solvent exhibited the characteristics of "hazardous substances" as described in the Act, the court agreed that the solvent was a hazardous substance and that RCW 4.22.070 did not apply. *Id*. at *10.

PCBs are considered "hazardous wastes or substances." Both federal and Washington state statutes define PCBs as "hazardous substances." *See* 40 C.F.R. § 302.4; 42 USCA § 9601; WAC 173-340-200. Following *Kerzman*'s rationale, PCB cases would not be subject to fault allocation.

The statute was intended to preserve joint and several liability for environmental cases. The legislative history of RCW 4.22.070 indicates that subsection (3)(a) was intended to apply to parties to Superfund sites. *See,* Gregory C. Sisk, INTERPRETATION

Plaintiff's Motion for Summary Judgment
on Defendants' Affirmative Defenses - 6

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

OF THE STATUTORY MODIFICATION OF JOINT AND SEVERAL LIABILITY: RESISTING THE DECONSTRUCTION OF TORT REFORM, 16 U. Puget Sound L. Rev. 1, 125 (1992). Senator Philip A. Talmadge explained to the Legislature:

> What this amendment is designed to do, is to allow the continuation of the process that Senator Kreidler has undertaken in the area of Superfund to urge the parties to that controversy to come to an agreement both as to the funding of the state Superfund and as to the liability issue.
>
> If we were not to have this amendment in place, there is zero incentive for large business in this state to attempt to develop a funding mechanism to deal with Superfund, because their liability would be several only and that means only their share of the fault. However, that could be determined in situations involving hazardous waste.

*Id*. at 124. The Legislature recognized the importance of maintaining joint and several liability for environmental cases where several liability would allow a culpable party to shift its liability to another allegedly culpable party.

This is exactly what Monsanto intends to do here. At the motion to dismiss stage, it took the position that the contamination is due to the acts of "thousands of intervening actors … who actually disposed of PCBs and PCB-containing materials in a manner to reach the [environment]." *City of Spokane v. Monsanto Co.*, 2016 WL 6275164, *8 (E.D.Wa. 2016). Since then, the company's expert reports have reiterated its strategy of blaming non-party releasers despite their ignorance of PCBs' harmful characteristics. SSMF No. 3-6.

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses - 7

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

Although Monsanto is entitled to prove that non-parties proximately caused the City's damages, Monsanto is not entitled to submit to the jury a verdict form that would require them to apportion fault among the non-parties and Monsanto. *Hausman v. Holland America Line-USA*, 2015 WL 11234150 (W.D.Wa. 2015) (declining to permit allocation of fault to non-parties where admiralty law does not permit comparative fault); *Ray v. R & R Roofing, Inc.*, 112 Wn. App. 1027 (2002) (unpublished opinion) ("Because the allocation procedure did not apply, the court erred by submitting the special verdict form to the jury. This means that the jury had no authority to allocate damages between [defendants].").

Because Monsanto cannot produce any evidence to dispute the fact that PCBs are identified by the State of Washington as hazardous substances, Defendants' comparative fault affirmative defenses are invalid as a matter of law and summary judgment is appropriate.

### C. Monsanto Cannot Demonstrate that the City's Claims are Untimely.

Monsanto's Affirmative Defenses 2 (statute of limitations), 3 (statute of repose), 4 (estoppel), 7 (laches), and 44 (undue delay) allege that the City waited too long to file its Complaint. ECF No. 153 at 34-35; 44; *see also* SSMF No. 7. "A claim that an action is barred by the statute of limitations is an affirmative defense and, as such, the claim must be pleaded and proved by the party who asserts it." *Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc.*, 143 Wn.App. 345,177 P.3d 755, 761 (2008).

Plaintiff's Motion for Summary Judgment
on Defendants' Affirmative Defenses - 8

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
**808 W. Spokane Falls Blvd.**
**5th Floor, Municipal Building**
**Spokane, WA 99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

Because Monsanto bears the burden of proof on its affirmative defenses, the City can meet its summary judgment burden by "pointing out... that there is an absence of evidence to support the nonmoving party's case." *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Insurance Agency, Inc.*, 2016 WL 631574, at *20 (W.D.Wa. 2016). In response, Monsanto "must set forth specific facts showing there is a genuine issue for trial." *Bradford v. State of Washington*, 2015 WL 8208016, at *3 (W.D.Wa. 2015). This it cannot do under any set of facts.

As a matter of law, limitation periods do not apply to municipalities acting for the benefit of the state. RCW 4.16.160. Municipal actions are brought for the benefit of the state when those actions "arise out of the exercise of powers traceable to the sovereign powers of the state which have been delegated to the municipality." *Wash. Pub. Power Supply System v. General Electric Co.*, 113 Wn.2d 288, 293, 778 P.2d 1047 (1989). In the City of Seattle's lawsuit against Monsanto, Judge Lasnik found that Seattle acted in its sovereign capacity by seeking damages to restore its waterways. *City of Seattle v. Monsanto Company*, 237 F.Supp.3d 1096, 1104 (W.D.Wa. 2017).

> Like the maintenance of public recreational facilities, maintenance of public waterways fulfills the city's delegated responsibility to act as steward of the land and waters within its boundaries for the benefit of the public at large, without regard to whether the beneficiaries are city residents. In suing to restore its waters, Seattle acts "for the public good, and not for private corporate advantage," *Russell v. City of Tacoma*, 8 Wash. 156, 159, 35 P. 605 (1894).

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses - 9

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

*Id*. at 1105. The court concluded that Seattle's claims for nuisance, product liability, and negligence are not barred by limitations. *Id*. The same outcome should result here with respect to Spokane's identical claims.

Similarly, Monsanto has identified no statute of repose that bars all of the City's claims. Washington statutes contain no provision establishing a repose period for nuisance, negligence, or products liability claims. *See generally,* RCW Chapter 4.16. While a construction statute of repose exists, it does not apply to manufacturers. RCW 4.16.300.

**D. Monsanto Has Demonstrated No "Government Contractor" Immunity**

Monsanto's Fortieth (40th) Affirmative Defense contends that it cannot be liable based on the Government Contractor Defense. ECF No. 153 at 43, SSMF No. 8. The "government contractor defense" gives immunity to product manufacturers who supply products for federal government use when --- essentially --- the government was the "bad actor" that compelled the contractor to implement the defective design. A manufacturer is not liable for harm caused by a product when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Boyle v. United Technologies Corp*., 487 U.S. 500, 512, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). "Stripped to its essentials, the military contractor's defense under *Boyle* is to claim, 'The Government made me do

Plaintiff's Motion for Summary Judgment
on Defendants' Affirmative Defenses - 10

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

it.'"  *In re Joint Eastern and Southern Dist. New York Asbestos Litigation*, 897 F.2d 626, 632 (2d Cir. 1990).  If the government was sufficiently involved enough in the design so that it can be said to have chosen the design (with knowledge of its defects) or chosen the warnings (or forbidden them altogether), then the manufacturer is immune.  Monsanto has not raised a triable issue of fact regarding any of the elements of this affirmative defense, and so the defense fails as a matter of law.

### 1. Monsanto has presented no evidence that the United States approved reasonably precise specifications.

The first element requires evidence that "the design feature in question was considered by a Government officer, and not merely by the contractor itself." *Boyle*, 487 U.S. at 512.  In *Hilbert v. McDonnell Douglas Corp.*, the district court recognized that government conduct falls within three broad categories:  (1)"the government might simply dictate the design [or warning] in its entirety"; (2)"the government and the contractor might engage in a back-and-forth as to the content of the design [or warning]"; or (3)"the government exercised independent judgment in approving a particular design or warning."  529 F.Supp.2d 187, 199 (D.Mass. 2008).  Any of these can be sufficient as long as the evidence indicates that the government exercised its discretion rather than delegating that discretion to the contractor:  "The government exercises its discretion over the design when it actually chooses a design feature" or approves a design "based on substantive review and evaluation of the contractor's design choices." *Trevino v. General Dynamics Corp.*, 865 F.2d 1474, 1480, 1486 (5th Cir. 1989) (emphasis added). The Ninth

Plaintiff's Motion for Summary Judgment
on Defendants' Affirmative Defenses - 11

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

Circuit has explained that *Boyle* requires evidence that the government considered and reviewed a design before approval. *Getz v. Boeing Co*., 654 F.3d 852, 863 (9th Cir. 2011).

For example, when a Chinook helicopter crashed in Afghanistan in 2007, killing eight and injuring fourteen, the survivors sued Boeing, the manufacturer of the airframe, Honeywell, which designed and built the engines, and Goodrich, the manufacturer of the onboard engine control systems. Accident investigations pointed to two potential causes --- a malfunction of the computerized engine control systems or an engine flameout that could have been prevented had the ignition system been equipped with a continuous relight feature. *Getz*, 654 F.3d at 857. All manufacturers argued that the government contractor defense shielded them from liability.

The Ninth Circuit agreed that the Army had approved the alleged defect in Honeywell's engine design:

> These specifications contain numerous drawings, figures, and schematics for the engine used in the MH–47E Chinook. They also provide a detailed description of the allegedly defective ignition system. Most importantly, at least for purposes of resolving this appeal, Honeywell's specifications explicitly state: "Continuous duty ignition capability is not provided." Hence, the specifications explicitly identify the "design of the particular feature at issue" and expressly observe that feature's absence. In this sense, Honeywell's specifications describe, in reasonable detail, the design feature alleged to be defective.

*Id*. at 861 (internal citations omitted). Additional evidence showed that the military specifically "reviewed Honeywell's design analyses, reports, and test plans, and attended

Plaintiff's Motion for Summary Judgment
on Defendants' Affirmative Defenses - 12

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

multiple formal design meetings" --- *i.e.*, did more than "rubber stamp" the design --- and, critically, "that the government was well aware of the availability of an automatic relight system, but chose to forego that technology." *Id*. at 862.  "This type of 'continuous exchange' and 'back and forth dialogue' is what is necessary to demonstrate that the Army exercised its judgment in approving Honeywell's design for the ignition system." *Id.*

The court found similar approval of the allegedly defective computerized engine control system.  The record showed that Goodrich—the contractor directly responsible for the component—

> provided Army personnel with lengthy and detailed design specifications describing both the FADEC (the control system as a whole) and the DECU (the FADEC's onboard computer). Among other things, these specifications include complex diagrams and design drawings of the FADEC, a description of fault monitoring procedures for the DECU, algorithms for troubleshooting, and a system for engine fail detection.
> Undisputed affidavit evidence also establishes that the Army carefully reviewed these specifications, scrutinized their content, and evaluated the reported test results before approving Goodrich's specifications. Army engineers attended regular technical meetings pertaining to the FADEC–DECU throughout the procurement process. These engineers also issued formal requests for information pertaining to various design aspects of the FADEC system and called periodic meetings to discuss and test the fuel control design, software design, and the design of the electronics (that is, the DECU). At one point, Army engineers even rejected the "FADEC control system specification," insisting that Goodrich address certain technical concerns.

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses - 13

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

*Id*. The court affirmed summary judgment for Goodrich because "[s]uch critical and substantive review ultimately culminating in approval is the type of careful consideration necessary to demonstrate that the government made a discretionary decision when it approved the FADEC–DECU." *Id*.

Monsanto has demonstrated no such involvement on the part of the government in the design of PCBs or PCB-containing products. It has produced no evidence that the government dictated the design of PCBs, no evidence that the government and Monsanto engaged in a back-and-forth discussions as to the design of PCBs, or that the government considered, reviewed, and approved of PCBs' design as required by *Getz*. *See*, 654 F.3d at 863.

Nor has Monsanto shown that the government exercised similar control or review of its product warnings. *Id*. at 866. In *Getz,* the Ninth Circuit considered it "beyond dispute" that the government exercised its discretion in selecting the warnings for the Chinook helicopter because the Army was "fully responsible" for the Operator's Manual, which set out the complete set of warnings. 654 F.3d at 867. "Accordingly, given that the Army considered, reviewed, and determined which warnings to provide, the government's exercise of discretion necessarily 'conflicts' with the Contractors' 'duty to warn under state law.'" *Id*.

Monsanto failed to convince the Western District of Washington that it had a "colorable" government contractor defense as a basis to remove the State of Washington's

Plaintiff's Motion for Summary Judgment
on Defendants' Affirmative Defenses - 14

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

PCB case to federal court in *State of Washington v. Monsanto Company*, 274 F.Supp.3d 1125, 1128 (W.D.Wa. 2017). After reviewing the same documentary evidence that Monsanto will likely present here[2], and applying the same evidentiary standard that governs in the summary judgment context, the court found an "absence of government control" over Monsanto:

> . . . **Monsanto produced its PCBs and concealed their dangerousness without any government control or supervision**. Though Monsanto suggests that it produced PCBs to government specification, Dkt. # 1, ¶ 50, the documents presented by Monsanto show rather that the government listed certain Monsanto PCBs as examples of component parts that would satisfy specifications for other products. That is, Monsanto's PCBs were *mentioned in* a government specification, not *produced to* government specification. Notably, even these specifications do not require the use of Monsanto's PCBs, and accordingly **Monsanto cannot argue that the specifications required Monsanto to produce the PCBs**.

*Id*. at 1130 (italics in original).

---

[2] In support of their Government Contractor Defense, Monsanto only identified supporting documents which reflect the following: (1) Monsanto's manufacture of PCBs in government financed facilities; (2) the mention of PCBs in government specifications for other products, but no government specifications for the manufacture of PCBs themselves; and (3) the fulfillment of the federal government's orders for PCBs. However, none of these documents demonstrate the level of government involvement in the design or specifications of PCBs necessary to invoke the Government Contractor defense. SSMF No. 9.

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses - 15

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

Because Monsanto cannot and has not produced admissible evidence to establish this element, the Court need not analyze the additional elements and should find that the defense is unavailable as a matter of law.

### 2. Monsanto has not shown that it warned the government about the dangers of PCBs that were known to Monsanto but not to the United States.

Even if Monsanto could establish the first two *Boyle* elements[3], Monsanto has failed to present evidence that it warned the government about PCB dangers that were unknown to the government. Concerning the helicopter engine failure in *Getz*, the court found that the Army already knew of the risk of a water- or ice-induced engine flameout: indeed, a 1990 Army Field Manual stated explicitly that "[t]urbine engines sometimes tend to flameout" and that "ingestion of ice broken loose at the engine inlet may cause such a situation." *Id*. And an Army engineer testified that the Army was aware that it could have required an automatic re-light feature but elected not to include it on the Chinook helicopter. *Id*.

Here, there is no evidence that the government knew of PCBs' toxicity, persistence in the environment, ready volatilization, and propensity to cause widespread

---

[3] As discussed above, no government specifications controlled the design of PCB products. As such, Monsanto cannot establish the second element of the government contractor defense.

Plaintiff's Motion for Summary Judgment
on Defendants' Affirmative Defenses - 16

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

contamination. Nor has Monsanto shown that it warned the government of any of the dangers associated with the use of PCBs or PCB-containing products.

Because Monsanto cannot produce any admissible evidence establishing any element of its government contractor affirmative defense, the defense must fail as a matter of law. Summary judgment is appropriate.

## Conclusion

The law does not support Monsanto's defenses on the grounds of comparative fault, limitations, repose, and government contractor grounds, Spokane respectfully requests the court to enter partial summary judgment against Defendants on their comparative fault affirmative defenses (10, 12, 17, 24, 26, 35, 58, 64, 65, and 69), timeliness affirmative defenses (2, 3, 4, 7, and 44), and government contractor affirmative defense (40).

RESPECTFULLY SUBMITTED this 28 day of January, 2020.

By: s/ Elizabeth L. Schoedel
**OFFICE OF THE CITY ATTORNEY**
Elizabeth L. Schoedel WSBA #20240
Salvatore J. Faggiano WSBA #15696
Assistant City Attorneys

**BARON & BUDD, P.C.**
Scott Summy (*admitted Pro Hac Vice*)
Carla Burke (*admitted Pro Hac Vice*)
Celeste Evangelisti (*admitted Pro Hac Vice*)
Brett Land (*admitted Pro Hac Vice*)
John P. Fiske (*admitted Pro Hac Vice*)
Jason J. Julius, (*admitted Pro Hac Vice*)
Cary McDougal, (*admitted Pro Hac Vice*)
Alicia Butler, (*admitted Pro Hac Vice*)

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses - 17

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses - 18

MICHAEL C. ORMSBY, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

**GOMEZ TRIAL ATTORNEYS**
John H. Gomez, CA Bar No. 171485
 *(Pro Hac Vice)*
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490

*Attorneys for Plaintiff City of Spokane*

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses - 19

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
**808 W. Spokane Falls Blvd.**
**5th Floor, Municipal Building**
**Spokane, WA 99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

# CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

| | |
|---|---|
| Brent J. Gilhousen | brent.gilhousen@earthlink.net |
| Robert M. Howard | robert.howard@lw.com |
| Kelly E. Richardson | kelly.richardson@lw.com |
| Adam E. Miller | miller@capessokol.com |
| Anthony N. Upshaw | aupshaw@mwe.com |
| James A. Pardo | jpardo@mwe.com |
| Lisa A. Gerson | lgerson@mwe.com |
| James A. Tupper | tupper@tmw-law.com |
| Lynne M. Cohee | cohee@tmw-law.com |
| Susan L. Werstak | werstak@capessokol.com |
| Michael W. Cromwell | cromwell@capessokol.com |
| David S. Haase | Monsanto-Litigation@shb.com |
| Richard L. Campbell | Monsanto-Litigation@shb.com |
| Thomas M. Goutman | Monsanto-Litigation@shb.com |
| Geana M. Van Dessel | SpokaneLitigationFilings@KutakRock.com |
| Melissa Nott Davis | Monsanto-Litigation@shb.com |
| Stephen I. Hansen | Monsanto-Litigation@shb.com |
| Rosemary R. Schnall | Monsanto-Litigation@shb.com |
| Lisa DeBord | debord@capessokol.com |

By:/s/ Rosemarie Hulvey
Rosemarie Hulvey, Attorney Assistant
Office of the City Attorney
808 West Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201
Phone (509) 625-6225
Fax (509) 625-6277

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses - 20

**MICHAEL C. ORMSBY, City Attorney**
**OFFICE OF THE CITY ATTORNEY**
808 W. Spokane Falls Blvd.
5th Floor, Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277