**OFFICE OF THE CITY ATTORNEY**
Elizabeth L. Schoedel (WSBA #20240)
Salvatore J. Faggiano (WSBA #15696)
Assistant City Attorneys
808 W. Spokane Falls Blvd.
Spokane, Washington 99201
Telephone: (509) 625-6225

**BARON & BUDD, P.C.**
Scott Summy, TX Bar No. 19507500 (*Pro Hac Vice*)
Carla Burke, TX Bar No. 24012490 (*Pro Hac Vice*)
Celeste Evangelisti, CA Bar No. 225232 (*Pro Hac Vice*)
Brett Land (WSBA #53634)
Cary McDougal, TX Bar No. 13569600 (*Pro Hac Vice*)
Alicia Butler, TX Bar No. 00797823 (*Pro Hac Vice*)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605

John P. Fiske, CA Bar No. 249256 (*Pro Hac Vice*)
Jason J. Julius, CA Bar No. 249036 (*Pro Hac Vice*)
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Telephone: (858) 251-7424

**GOMEZ TRIAL ATTORNEYS**
John H. Gomez, CA Bar No. 171485 *(Pro Hac Vice)*
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490

*Attorneys for Plaintiff City of Spokane*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF SPOKANE, a municipal corporation located in the County of Spokane, State of Washington,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION, and DOES 1 through 100.<br><br>Defendants. | Case No.: 2:15-cv-00201-SMJ<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing: March 11, 2020<br>Richland, WA<br>With Oral Argument |

The City of Spokane moved for summary judgment on Monsanto's affirmative defenses. ECF No. 410. Monsanto does not oppose the City's Motion as to two of those defenses. ECF No. 526. And as to the City's motion regarding a limitations defense, Monsanto's position is contrary to a ruling in a Western District of Washington case that has facts almost identical to the instant matter. *Id.*

**1. Monsanto does not contest Spokane's motion regarding the comparative fault of third parties.**

In its Motion (ECF No. 410), the City asked this Court to rule, as a matter of law, that Monsanto is not entitled to a jury verdict that apportions fault to third parties in accordance with RCW 4.22.070 because that statute specifically exempts actions arising from hazardous substances. Monsanto does not disagree, but maintains that it is entitled to a jury question regarding the City's own fault. ECF 526 at 15. The City agrees. As Monsanto does not oppose summary judgment on the issue of third-parties' comparative negligence, the Court should enter summary judgment in the City's favor on this issue.

**2. Monsanto does not oppose Spokane's motion regarding the government contractor defense.**

Monsanto has withdrawn its federal contractor defense as moot.

**3. Monsanto cannot avoid precedent holding that a Washington city is immune to Monsanto's limitations defense in an action to remove PCBs from stormwater and waterways.**

The Western District of Washington ruled against Monsanto on this very issue in the substantively identical lawsuit initiated by the City of Seattle. In *City of Seattle v.*

*Monsanto Company,* Judge Lasnik considered Seattle's allegations that Monsanto's PCBs "contaminate[] Seattle's drainage systems and waterways," 237 F.Supp.3d 1096, 1101 (W.D.Wa. 2017), claims that are essentially identical to Spokane's allegations that Monsanto's PCBs wash through its stormwater and wastewater systems and into the Spokane River, thus contaminating Spokane's waterways and the State's natural resources. *See* ECF No. 1 (Complaint) at 4-8, 11-18. Judge Lasnik found that Seattle's lawsuit against Monsanto was an exercise of sovereign capacity:

> In this action to restore the purity of its waterways, Seattle acts in its sovereign capacity. Seattle is authorized by statute to prevent "the defilement or pollution of all streams running through or into its corporate limits," as well as to "declare what shall be a nuisance, and to abate the same." RCW 35.22.280(29), -(30). This authority derives from the state's duty to hold all navigable waters within the state in trust for the public. *See City of New Whatcom v. Fairhaven Land Co.*, 24 Wash. 493, 499, 503–04 (1901) (describing the common-law origins of the public trust doctrine). Accordingly, while these powers could be seen as authority to administer the internal affairs of the incorporated territory "for the special benefit and advantage of the urban community" within, *City of Moses Lake*, 430 F. Supp. 2d at 1171–72, the Court concludes that Seattle's efforts to rid its waterways of pollution is an act "for the common good," *Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Const. Co.*, 165 Wn.2d 679, 687 (2009). Like the maintenance of public recreational facilities, maintenance of public waterways fulfills the city's delegated responsibility to act as steward of the land and waters within its boundaries for the benefit of the public at large, without regard to whether the beneficiaries are city residents. In suing to restore its waters, Seattle acts "for the public good, and not for private corporate advantage," *Russell v. City of Tacoma*, 8 Wash. 156, 159 (1894).

*Id*. at 1105. Monsanto dismisses this opinion as wrongly decided and tries to distinguish the facts of Spokane's claims from those of Seattle's. ECF No. 526 at 11-12. But its

analysis fails for a number of reasons.

In ruling that Seattle enjoyed sovereign capacity, and therefore immunity, Judge Lasnik considered the contrary cases now cited by Monsanto, including those previously holding, for example, that operating a city drainage system was not a sovereign function. *Id*. at 1104. The court correctly determined that these did not require a formulaic conclusion that where a drainage system is involved, the action must be proprietary. While "furnishing sewer facilities" has been held to be a proprietary action, *City of Algona v. City of Pacific*, 667 P.2d 1124, 1126, 35 Wash.App. 517, 520 (Wash.App.,1983), Judge Lasnik properly focused on the nature of Seattle's actions in litigating against Monsanto, not in merely operating its stormwater system. The court concluded that Seattle was not merely operating its drainage system but taking an action to remove PCB pollution from its system and thereby reduce the pollution of the State's waterways and improve water quality generally. *Id*. This analysis applies with full force here. Spokane has undertaken the instant case to reduce the levels of PCBs that its stormwater and wastewater systems discharge into the Spokane River. ECF No. 1 (Complaint) at paragraphs 5-18, 22-24; *see also* ECF No. 519 (Plaintiff Statement of Disputed Material Facts) at 2-5.

The reduction of pollution is an exercise of power traceable to the sovereign powers of the State as described by *Washington Public Power Supply System v. General Elec. Co.*, 778 P.2d 1047, 1049, 113 Wn.2d 288, 293 (1989). The State Legislature

specifically granted to cities of the first class[1] the powers to "provide for":

> **the cleaning and purification of watercourses and canals** . . . and to **prevent** and punish, the **defilement or pollution of all streams** running through or into its corporate limits, and for the distance of five miles beyond its corporate limits, and on any stream or lake from which the water supply of said city is taken, for a distance of five miles beyond its source of supply; to provide for the **cleaning of areas, vaults, and other places** within its corporate limits which may be so kept as to become offensive to the senses or **dangerous to health** … .

RCW 35.22.280 (29) (emphasis added). In its attempt to remove insidious PCB pollution and prevent further contamination of waterways, Spokane is doing far more than merely operating a municipal stormwater system as has been found to be a proprietary activity.[2] *See City of Moses Lake v. U.S.*, 430 F.Supp.2d 1164, 1176–77 (E.D.Wa. 2006).

The Washington Supreme Court has explained that a municipality performs both proprietary and sovereign actions and distinguished the latter --- where a municipality acts "as an agent of the state … and to promote the public welfare generally," from those actions that "administer the local and internal affairs of the territory which is incorporated, for the

---

[1] First class cities are those, like Spokane, with a population over 10,000. RCW 35.01.010.

[2] Monsanto cites no authority for the proposition that Spokane's compliance with certain regulations means that it cannot, as a matter of law, be acting in its sovereign capacity. Nor would such a rule be logical. Both the City and the State are bound by any number of regulations that constrain certain day-to-day functions, but that restriction on certain activities does not change the character of its larger governmental purpose.

special benefit and advantage of the urban community embracing within the corporation boundaries." *Washington State Major League Baseball Stadium Public Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Const. Co.*, 202 P.3d 924, 927, 165 Wn.2d 679, 687 (2009) (internal citation omitted). This distinction supports Spokane's argument because its actions relating to preventing PCB discharges and ameliorating levels of PCB contamination in public waterways are sovereign acts delegated to Spokane by RCW 35.22.280 (29). Moreover, Spokane's efforts further the policy of the State of Washington to "maintain the highest possible standards to insure the purity of all waters of the state[.]" RCW 90.48.010. In this context, although the stormwater system is the conduit for Spokane's action, the City should be immune from limitations.

Further, Spokane has demonstrated that its past and anticipated future efforts will, in fact, help to restore the water quality of the Spokane River. By reducing the amount of PCBs it discharges, Plaintiff will reduce the risk of disease associated with eating fish from the Spokane River. ECF No. 382-1 at 514, 516-520. Plaintiff's remedial efforts will also reduce the ecological risk posed by PCBs in the River and, more specifically, reduce sediment concentrations of PCBs in Lake Spokane to levels below hazard thresholds. ECF No. 519 at 98-99 (response to 195).

Finally, Monsanto argues, oddly, that Spokane's argument that RCW 4.16.160 immunizes it from limitations, is, itself, untimely. Relying on Pennsylvania cases, Monsanto claims that Spokane has somehow waived this defense by not raising the

doctrine of *nullum tempus* immunity during the pleadings stage. ECF No. 526 at 17 and 18. Monsanto fails to cite a Washington case for this proposition and mischaracterizes Pennsylvania law. The case cited by Defendants involved a plaintiff invoking the *nullum tempus* argument for the first time during appeal. *See Twp. of Indiana v. Acquisitions & Mergers, Inc.*, 770 A.2d 364, 370 (Pa. Commw. Ct. 2001). A later Pennsylvania case rejected the same argument made by Monsanto here and held that *Indiana* does not require a plaintiff to allege *nullum tempus* at the pleading stage. *See Allegheny Intermediate Unit v. E. Allegheny Sch. Dist.*, 203 A.3d 371, 380 (Pa. Commw. Ct.), *appeal denied*, 216 A.3d 1032 (Pa. 2019) (explaining that plaintiff employed *nullum tempus* argument "at the appropriate stage" of litigation when invoked in pre-trial statement and in its motion for partial summary judgment). Because Monsanto's position is not supported by law or logic, the Court should disregard this desperate attempt to defeat the State's immunity.[3]

---

[3] Regardless, even at the pleadings stage, Plaintiff alleged that its actions to reduce PCB discharge are sovereign in nature: "The City of Spokane is a municipality acting for the benefit of the state and the general public in the City of Spokane and others throughout the State of Washington. The City of Spokane has a duty and inherent responsibility to manage its waste and stromwater systems to maintain the clean waterways of the State of Washington." *See* ECF No. 1 at paragraph 16.

## **CONCLUSION**

Spokane respectfully requests the Court to enter partial summary judgment against Defendants as requested in its motion (ECF No. 410).

RESPECTFULLY SUBMITTED this 3rd day of March 2020.

By:    s/ Brett Land
**BARON & BUDD, P.C.**
Scott Summy (*admitted Pro Hac Vice*)
Carla Burke (*admitted Pro Hac Vice*)
Celeste Evangelisti (*admitted Pro Hac Vice*)
Brett Land WSBA #53634
John P. Fiske (*admitted Pro Hac Vice*)
Jason J. Julius, (*admitted Pro Hac Vice*)
Cary McDougal, (*admitted Pro Hac Vice*)
Alicia Butler, (*admitted Pro Hac Vice*)

**OFFICE OF THE CITY ATTORNEY**
Elizabeth L. Schoedel WSBA #20240
Salvatore J. Faggiano WSBA #15696
Assistant City Attorneys

**GOMEZ TRIAL ATTORNEYS**
John H. Gomez (*admitted Pro Hac Vice*)

*Attorneys for Plaintiff City of Spokane*

# CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By:   s/ Brett Land
         Brett Land WSBA #53634